The Bloomington Cemetery Association

*v.*

The People of the State of Illinois.

*Filed at Springfield November 2, 1891.*

1. Local improvements—*city boundaries—whether questioned collaterally.* A city in making local improvements, such as a sidewalk, has the right to make them with reference to any well recognized and undisputed line limiting its boundaries. The correctness of such a line can not be called in question collaterally.

2. Special taxation—*beyond corporate limits.* A city has no authority by law to build a sidewalk by special taxation, beyond its corporate limits.

3. Same—*of cemetery grounds "exempt from taxation and executions."* A clause in a charter of a cemetery association, that the grounds held for a burial place "shall be exempt from taxation and executions," will not protect the lands so held against a special assessment or a special tax for local improvements, nor deprive the county court of its power to order the lands sold for a delinquent special tax.

4. Cemetery association—*property subject to execution.* The property of a cemetery association, or other private corporation, may be sold on execution like that of any other private owner, unless exempt by its charter.

5. Error—*in favor of party complaining.* A strip of land 50 feet wide and 330 feet long was returned delinquent for a special tax by the collector, and judgment asked against the same. The court allowed an amendment limiting the length of the land to 206½ feet, and gave judgment against the strip of 206½ feet, and ordered a sale: *Held,* that the owner could not complain, as the amendment, even if irregularly made, could not injure him.

Appeal from the County Court of McLean county; the Hon. Colartin D. Myers, Judge, presiding.

Mr. E. M. Prince, and Messrs. Benjamin & Morrissey, for the appellant:

The southern limit of the city of Bloomington is the half-section line of section 9, township 23, north, range 2, east, which is several feet north of the sidewalk. *Bloomington* v. *Cemetery Ass.* 126 Ill. 226.

The city has no power to provide, by special taxation, for the construction of any sidewalk outside of .its corporate limits at the expense of the owners of the lands touching the line of the sidewalk.

The record shows no valid ordinance whereby a special tax was levied on the land north of the fence for the distance of over 330 feet, east and west, to pay for a sidewalk wholly south of the fence, and of the length of only 206½ feet.

The piece of ground levied upon, being a part of the cemetery grounds, is exempt from sale. But if it is not exempt from special taxes for constructing sidewalks it is exempt from sale, and the city may only proceed by *mandamus,* or other appropriate remedy.

Mr. SAIN WELTY, for the appellees :

An exemption from taxation does not include special taxation. *McLean County* v. *Bloomington,* 106 Ill. 209 ; *Adams County* v. *Quincy,* 130 id. 566..

Mr. JUSTICE WILKIN delivered the opinion of the Court:

This was a proceeding in the county court of McLean county to recover judgments against certain lands owned by appellant, returned by the county collector of said county as delinquent on a special tax levied by the city of Bloomington to construct a sidewalk. The premises were described in the collector's return as the "south part of N. E. ¼ Sec. 9, 23,—2," giving metes and bounds, showing a strip of ground 50 feet north and south, and 330 feet long east and west. The amount of tax assessed was $72.98, and the costs forty-eight cents, making a total of $73.46. Appellant appeared and filed objections, viz. : First, that under the provisions of its charter said premises are exempt from taxation and execution ; second, that it is exempt from the special tax sought to be collected ; third, that it is exempt from the order of sale and execution sought by this proceeding ; and fourth, that the

2—139 ILL.

court has no jurisdiction to render a judgment or order of sale of said tract of land for a special tax. Subsequently the city filed a statement asking judgment against the east 206½ feet of said tract instead of the 330 feet returned delinquent. On the hearing the objections were overruled, and judgment entered against said 206½ feet for said sum of $73.46, with an order that said land, or so much thereof as might be necessary, be sold to pay said amount. This appeal is from that judgment.

On the objections filed in the county court and the errors assigned here, appellant insists, first, that the city of Bloomington had no power to build a sidewalk for which the special tax was levied, and hence no right to levy and collect such tax. This position is based on the supposition that said sidewalk is located outside of the corporate limits of the city. A city, it is said, has no authority, by law, to build a sidewalk by special taxation, beyond its own limits. The legal proposition is doubtless correct, but it has no proper application to this case. It is not pretended that the city authorities intended to, or did knowingly, locate the sidewalk in question beyond its boundaries. If, as a matter of fact, it was so located, it was done by mistake, resulting from the fact that the true boundary line of the city at that place was not definitely known. While the south boundary line of the city of Bloomington is admitted by all parties to be the east and west half-section line of section 9, township 23, north, range 2, east of the third principal meridian, there is some uncertainty as just to where that line should be located. Many years ago the geographical center of said section was established by different surveys, made at the instance of the owners of lands therein. In these surveys measurements were made from the quarter-section lines north and south, which had been located by the original survey several rods south of straight lines from the north-east and north-west and south-east and south-west corners of the section. The geographical center thus located was recognized as the correct center of the section by different

proprietors of lands situate therein, for more than thirty years, until finally a controversy arose between this appellant and the city of Bloomington, resulting in an action of ejectment, decided by this court on appeal from the circuit court of McLean county. (See 126 Ill. 221.) In that suit the city contended that the half-section line east and west should be established by running a straight line from the quarter-section corner on the east to the corresponding corner on the west, and by a survey made in that manner the line was established a considerable distance north of where it had been previously located. This appellant then maintained that the old surveys were correct, but it prevailed in that action on the ground that adjoining land owners had by agreement, and possession thereunder, established the line then in dispute in conformity with the earlier surveys. In this action both parties have changed front, appellant now insisting upon the correctness of the new survey, and the city contending that the line formerly established is the correct one.

The sidewalk in question is south of the said half-section line as located by the recent survey, and appellant contends that it is even south of the old line. We think the clear weight of the testimony is, that the south boundary line of the city of Bloomington is several feet south of the walk, if the earlier surveys of the section are adopted. We are also of the opinion that on this record the half-section line established by those surveys should be adhered to. That line was established in conformity with a well recognized method of surveying irregular sections at that time, and it has been ever since recognized by the proprietors of land adjoining it. There is now no dispute shown to exist between such owners. The attempt here is to call in question the correctness of that line collaterally, and not by a direct proceeding. We do not deem it necessary, in the determination of this case, to decide whether the line so recognized was established in conformity with section 2396 of the Revised Statutes of the United States or not, but hold that

the city, in making local improvements, had a right to make them with reference to any well recognized and undisputed line limiting its boundaries.

One section of the act under which appellant is organized is as follows:

"The object of said association shall be, exclusively and solely, to lay out and inclose and ornament a plat or piece of ground, not to exceed one hundred acres, as aforesaid, to be used as a burial place, to which, if thought best, may be added a floral garden by said association, and said piece of ground so held and platted shall be exempt from taxation and executions."

The remaining objections filed in the county court were based upon this section, and it is now insisted that under its provisions the premises in question can not be subjected to a special tax, and if it could, this proceeding will not lie against it. That exemption from general taxation will not protect property against a special assessment or a special tax for local improvements has been repeatedly decided by this court. Nor does the fact that this land may be exempt from execution deprive the county court of the power to order it sold for a delinquent special tax. The exemption from execution here meant is exemption from sale on that writ as generally understood—a writ of *fi. fa.* It is not shown that any part of the land ordered sold has been actually used for burial purposes. This appellant is a private corporation, and its property may be sold like that of any other private owner, unless exempt by its charter. It is unlike a municipal corporation, which can only be compelled to pay a special tax or special assessment by *mandamus*.

The objection that less than the whole number of feet returned delinquent was ordered to be sold, is without merit. No injury could have resulted to appellant by that order, even if it had been irregularly made.

The judgment of the county court will be affirmed.

*Judgment affirmed.*