THE CITY OF CHICAGO, in trust for use of Schools,

*v.*

THE CITY OF CHICAGO.

*Opinion filed December 16, 1903—Rehearing denied February 5, 1904.*

1. TAXES—*laws exempting property from taxation must be strictly construed.* Laws exempting property from taxation must be strictly construed, and nothing will be held to be within the exemption which does not clearly appear to be so.

2. SPECIAL ASSESSMENTS—*property exempt from taxation not necessarily exempt from special assessment.* Property which is by statute exempt from general taxation is not necessarily exempt from special assessment.

3. SCHOOLS—*school property not part of section 16 is subject to special assessments.* School property, not being a part of section 16 of the township nor derived therefrom, is subject to special assessment, whether occupied for school purposes, vacant, or occupied by buildings from which the school receives rent.

4. SAME—*special assessment proceeding as to school property not a suit against the State.* A special assessment proceeding against school property held in trust by a city for the benefit of the schools of the city, and not a part of section 16 of the township nor derived therefrom, is not a suit against the State, nor do the lands belong to the State of Illinois.

5. SAME—*payment of special assessment is proper application of school funds.* Payment of a special assessment against school property for improvements of benefit to the property is a proper method of applying the·funds of the school district for benefit of its schools.

6. SAME—*Chicago board of education has implied power to sue and be sued.* Boards of education in cities having a population exceeding one hundred thousand have implied power to sue and be sued, although such power is not expressly given by sections 21, 22 and 23 of article 6 of the School law of 1889, prescribing the powers and duties of such boards.

7. SAME—*a special assessment of school property not defeated because property cannot be sold.* The fact that property held in trust by a city for school purposes cannot be sold for the purpose of collecting a special assessment against it does not defeat the assessment, since the law provides other methods by which the payment may be enforced.

APPEAL from the County Court of Cook county; the Hon. R. A. RUSSELL, Judge, presiding.

JAMES MAHER, and ANGUS R. SHANNON, for appellant:

The owner of public school property in the city of Chicago is the State of Illinois. To confirm a special assessment against any of said property involves a suit at law in reality against the State, though it is not nominally made a party of record. The law prohibits the suing of the State, and therefore no special assessment can be levied against public school property. Const. of 1870, art. 4, sec. 26.

The public school property and funds do virtually and in fact, although not in form, belong to the State. *Chicago* v. *People,* 80 Ill. 384; *Trustees* v. *Champaign County,* 76 id. 184; *Adams* v. *Brenan,* 177 id. 194..

The inhibition against suing the State is not limited to those cases wherein the State is made a party of record, but obtains in every case where it does not give its consent to be sued and where the obligation sought to be enforced in reality belongs to it. *Louisiana* v. *Jumel,* 107 U. S. 711; *Hogood* v. *Sothern,* 117 id. 52; *In re Ayers,* 123 id. 443; *People* v. *Dulaney,* 96 Ill. 503.

The board of education of the city of Chicago, sued as the city of Chicago in trust for the use of the schools, is a governmental State agency. No authority of law exists for suing said governmental State agency. To confirm a special assessment against any public school property under jurisdiction of said State agency would involve a suing of said State agency, and, therefore, no special assessment can be levied against such·public school property. *Kinnare* v. *Chicago,* 171 Ill. 332; *Bush* v. *Shipman,* 4 Scam. 186; Throop on Public Officers, sec. 593; Dillon on Mun. Corp. (4th ed.) sec. 963, and cases cited.

That boards of directors, boards of education, etc., derive their powers exclusively from the statutes has been adjudicated as follows: "The duties of school directors are derived exclusively from the statute, are specifically defined, and if they exercise powers and functions not conferred upon them, the statute has made

them responsible for all losses that may ensue." *Adams* v. *People*, 82 Ill. 132; *Stevenson* v. *School Directors*, 87 id. 255.

There is no common law authority for suing political divisions of the State, and without statutory enactment such divisions cannot be sued. *Schuyler County* v. *Mercer County*, 4 Gilm. 20; *Hollenbeck* v. *Winnebago County*, 95 Ill. 148; *County of Rock Island* v. *Steele*, 31 id. 543.

That boards of education in cities having a population exceeding one hundred thousand have not been authorized to sue and be sued is evident from the statutes. The legislature has provided for the government of school affairs by creating for certain districts school trustees, which it has specifically made bodies politic and corporate, with powers to sue and be sued. The legislature has created for certain other districts (and these obtain exclusively to cities with populations exceeding one hundred thousand, and to which the city of Chicago belongs,) boards of education, which it has not made bodies corporate and to which it has not granted authority to sue and be sued. The powers and duties of such boards of education are specifically mentioned, but nowhere is the power to sue or be sued granted. Act to establish and maintain free schools, in force May 21, 1889.

The power of the legislature to vest cities with power to make local improvements by special assessments, granted by section 9 of article 9 of the constitution of 1870, is subject to the restriction against using public school property for other than school purposes. *In re Mt. Vernon*, 147 Ill. 359.

ROBERT REDFIELD, and FRANK JOHNSTON, Jr., (EDGAR BRONSON TOLMAN, of counsel,) for appellee:

All public school lands which have been acquired by the board of education of the city of Chicago, otherwise than through the State by donation from the general government, are liable to special assessments for local improvements, whether used exclusively for school pur-

poses or not, whether vacant and unused, or whether leased out and the rents, issues and profits therefrom used for public school purposes. *Sioux City* v. *School District,* 55 Iowa, 150; *Bank* v. *State,* 69 id. 24; *Public Schools* v. *St. Louis,* 26 Mo. 468.

Although the property of charitable, religious and cemetery associations may be specially exempted from taxation, such exemption does not apply to special assessments for local improvements. *Bloomington Cemetery Ass.* v. *People,* 139 Ill. 16; *Lima* v. *Cemetery Ass.* 42 Ohio St. 128; *Ottawa* v. *Trustees,* 20 Ill. 423.

Public school lands cannot properly be regarded as property of the State, in the sense that suit against such lands would constitute suit against the State. *Ryan* v. *Gallatin County,* 14 Ill. 78; *Canal Trustees* v. *Chicago,* 12 id. 403; *Insurance Co.* v. *VanCleave,* 191 id. 410; *McLean County* v. *Bloomington,* 106 id. 209; *Bank* v. *State,* 69 Iowa, 30.

The board of education of the city of Chicago is not a separate, independent governmental agency, but is connected with, dependent upon and to some extent a part of the municipal government of that city. *McGurn* v. *Board of Education,* 133 Ill. 122; *Brenan* v. *People,* 176 id. 620.

The board of education of the city of Chicago possesses an implied incidental authority to sue and be sued in its corporate name. *Moore* v. *School Trustees,* 19 Ill. 83; *Adams* v. *Brenan,* 177 id. 194; *School District* v. *School District,* 63 Mich. 51; 1 Dillon on Mun. Corp. (4th ed.) sec. 443; 2 Beach on Public Corp. sec. 1377.

The payment of an assessment against school lands for local improvements would not constitute an indirect misappropriation or perversion of the school fund in violation of the constitution, but would be an incidental and proper expenditure for the improvement of the said property. *Bank* v. *State,* 69 Iowa, 24; *Sioux City* v. *School District,* 55 id. 150; *Public Schools* v. *St. Louis,* 26 Mo. 468.

To levy a special assessment against public school lands for local improvements would not necessitate the

taking of the charge and control of said property out of the hands of the board of education of Chicago, since the property would not be sold, and a special assessment is not a taking of property, nor would it constitute a lien thereon. *West Park Comrs.* v. *Chicago*, 152 Ill. 392.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The city of Chicago sought to improve, by special assessment, California avenue, in said city, from Washington boulevard to a point 378.8 feet north of the north line of Fulton street, by curbing, grading, and paving the same with asphalt. The board of education of said city was the owner of ten lots abutting on the line of the improvement, and at the time of the application for a confirmation of said special assessment against said lots, the board of education appeared in the county court of Cook county and objected to such confirmation, upon the ground that said property was in fact the property of the State of Illinois, and a confirmation of the assessment would, in fact, be a judgment against the State of Illinois; also for the further reason that said property was exempt from general taxation and from special assessment, and that said board had no funds out of which to pay such special assessment, and that the same could not be enforced by a sale of the land assessed. A hearing was had as to these objections upon an agreed state of facts, and the objections were each overruled and a judgment rendered confirming said assessment. From this judgment the board of education has appealed.

Upon the hearing in the county court it was agreed that of the ten pieces of property six were actually occupied by said board of education for school purposes. Two pieces were vacant and unoccupied, and from them the board received no rents and profits. The other two were occupied by buildings from which rents and profits were received, which were used for the benefit of the schools. It was also agreed that none of the lots were

a part of section 16, or acquired in any way from funds derived from that source.

Upon the hearing many propositions of law were submitted to the court, some of which were given and others refused. We do not deem it necessary to pass upon each of these propositions, because the decision of the case, stripped of all technicalities, involves the sole question whether or not the lots· assessed were subject to special assessment.

The right of taxation is essential to the very existence of the government, and all property, of every description, in the State, is subject to taxation unless it has been specifically exempted. All laws exempting property must be subjected by the courts to a strict construction, and hence nothing will be held to be within the exemption which does not clearly appear so to be. (*People* v. *City of Chicago*, 124 Ill. 636; *In re Swigert*, 119 id. 83.) In the case of *People* v. *Trustees of Schools*, 118 Ill. 52, we were called upon to determine whether school property being a part of section 16, or derived therefrom, was subject to special assessment, and we there held as follows: "By the sixth section of the act of Congress enabling the people of Illinois to form a State constitution, it was enacted that 'the section numbered 16 in every township shall be granted to the State, for the use of the inhabitants of such township, for the use of schools.' Article 8, section 2, of the constitution of 1870, provides that 'all land, moneys or other property donated, granted or received for school, college, seminary or university purposes, and the proceeds thereof, shall be faithfully applied to the objects for which such gifts or grants were made,'"—and we there held that the property, being a part of section 16, was exempt from special assessment for local improvements. We have also held that there is a distinction between general taxation and special assessment, and that property which was exempt from general taxation was not necessarily exempt from spe-

cial assessment.   See *Canal Trustees* v. *City of Chicago*, 12 Ill. 403; *Higgins* v. *City of Chicago*, 18 id. 276; *County of Mc-Lean* v. *City of Bloomington*, 106 id. 209; *County of Adams* v. *City of Quincy*, 130 id. 566.

In the case of *Bloomington Cemetery Ass.* v. *People*, 139 Ill. 16, we held that a clause in a charter of a cemetery association that the ground held for a burial place shall be exempt from general taxation and execution will not protect the lands so held against a special assessment or a special tax for local improvements.   In the case of *County of McLean* v. *City of Bloomington*, *supra*, we said with reference to a special assessment for paving the court house square (p. 213): "The contention is, such property is expressly exempt from taxation, and special assess-ments are included within the meaning of the word 'tax-ation.'   We have been too long and too firmly committed to the doctrine that exemption from taxation does not exempt from special assessments to now admit that it is even debatable,"—citing the cases.

The distinction between taxation and special assess-ment is also clearly made in our present constitution. (Art. 9, secs. 1, 5, 9.)   While providing that the General Assembly may exempt the property of the State, county and municipality from the former, section 3 makes no such provision in regard to the latter, but, on the con-trary, by section 9 the General Assembly is authorized to vest the corporate authorities of cities, towns and vil-lages with power to make local improvements by special assessment, without any restrictions as to the property to be assessed.

It is claimed, however, that this property is specially exempt under section 26 of article 4 of the constitution of 1870, and section 2 of article 8 of that constitution, and section 6 of article 12 of the act to establish and maintain a system of free schools.   Section 26 of arti-cle 4 provides that the State shall not be a defendant in any suit.   Section 2 of article 8 provides that all lands,

moneys or other property donated, granted, or received for school, college, seminary or university purposes, and the proceeds thereof, shall be faithfully applied to the objects for which such gifts or grants were made. Section 6 of article 12 of the School law provides that the funds derived from the sale of section 16, "or from the sale of any real estate or other property taken on any judgment or for any debt due to the principal of any township or county fund, and all other funds of every other description," are declared to be a part of the principal. of the township or county fund, and no such part shall be distributed or expended for any purpose whatever, but shall be loaned, etc., and that the rents, interest, issues and profits arising from said principal shall be distributed as provided by law, and that said rents and profits shall not be carried to the principal of the fund except it appear, on the first Monday in October, that there are rents or profits which are not required for distribution, etc., From a careful examination of these sections, and the construction placed upon them by the former decisions of this court, we do not think they specifically exempt the property in question in this case from special assessment.

It is contended, however, that this suit is, in fact, a suit against the State of Illinois, as the lands in question are the property of the people of the State of Illinois, and therefore this action cannot be maintained. We do not think this is a suit against the people of the State of Illinois, nor do the lands belong to the people of the State of Illinois. The title thereto is in the city of Chicago, in trust for the use of the schools in that city, and any interest which the people may have in the lots is confined to the people of the city of Chicago, rather than to the whole State of Illinois. Our statute expressly provides that boards of education may sue and be sued, and while it is contended that there is no such express provision with reference to the board of education of the city

of Chicago, yet we think the power to sue and be sued may be implied from the act, and that the suit in question is in reality a suit against said board of education, rather than against the people of the State of Illinois.

It is also insisted by appellant that the payment of this special assessment out of the school funds would be a diverting of said funds from the object for which they were created. We do not see how that position can be maintained. A special assessment may be levied for the purpose of paving streets, putting down sidewalks, putting in curbing, or for sewer purposes, all of which are, in theory, for the benefit of the property abutting on the line of the improvement. Undeniably all of these improvements are of great benefit, if not of actual necessity, to a public school, and from the most of them no property derives more benefit than does that of the board of education. They are as necessary to the practical use of the property as the furnishing of heat, light and air. Special assessment for such improvements is but a method of applying the funds of the school district for the benefit of its schools, and is legal and proper.

It is also insisted that there is no method under the law by means of which the property in question can be sold to enforce the collection of this assessment. It may be conceded the property cannot be sold to pay the assessment, but there are other methods provided by law by which the payment can be enforced in case the board of education refuses to pay the same.

It has been suggested, though not seriously insisted upon, in the briefs and arguments, that at least those lots which are vacant and unoccupied should be held exempt. We are unable to find any legal ground for such a distinction.

Our conclusion is, that the county court ruled correctly on all the questions submitted to it, and its judgment will accordingly be affirmed.

*Judgment affirmed.*