R. & C. GROSSE

*v.*

THE PEOPLE *ex rel.* Thomas Ruch, County Treasurer.

*Opinion filed December 20, 1905.*

1. CONSTITUTIONAL LAW—*section 2 of article 8, relating to school fund, construed.* Section 2 of article 8 of the constitution of 1870, providing that all land, moneys or other property donated, granted or received for schools shall be faithfully applied to the objects for which such gifts or grants were made, refers to previous gifts or grants, particularly those received from the United States, and does not extend to gifts or grants made subsequent to the adoption of the constitution.

2. TAXES—*school trustees must prove that property is within constitutional provision.* To sustain a claim by school trustees that property acquired by foreclosing a mortgage to secure money loaned by the trustees is exempt from taxation under section 2 of article 8 of the constitution of 1870, the trustees must prove that the money was received by them prior to the adoption of the constitution.

3. SAME—*section 6 of article 12 of Revenue act does not exempt property therein mentioned from special assessment.* Section 6 of article 12 of the Revenue act, concerning funds arising from the sale of school section 16 in any township or from the sale of any real estate or property taken on any judgment or for any debt due the principal of any township or county fund, does not have the effect of exempting the property therein mentioned from taxation or special assessment.

4. SCHOOLS—*when school property is subject to drainage assessment.* Lands lying in a drainage district which are acquired by school trustees through foreclosure of the mortgage given to secure money loaned by the trustees from the school fund are subject to assessment for the purposes of the drainage district, where there is no proof that the money loaned was received by the trustees prior to the adoption of the constitution nor any proof as to the source from which the money was derived.

WRIT OF ERROR to the County Court of Monroe county; the Hon. PAUL C. BREY, Judge, presiding.

This is a writ of error sued out to review a record of the county court of Monroe county. The facts are as follows:

In 1883 one James Canniff was the owner of certain lands in Monroe county. On July 9 of that year he borrowed $1000 from the trustees of schools of one of the townships of that county. The money was a part of the public school fund of the township, but the source from which it was derived is not disclosed by the evidence. To secure this loan Canniff executed a mortgage to the trustees on his lands. Subsequently this mortgage was foreclosed and the property was purchased at the sale by the said trustees for the amount of the debt and costs. Thereafter, in 1888, a deed was executed and delivered by the master in chancery conveying the premises to the trustees, and they held the legal title until October 1, 1898, when they conveyed the lands to the plaintiffs in error.

These lands are located within the boundaries of a drainage district which was organized in 1884. Assessments for drainage purposes made by the drainage district upon these lands during the time the legal title was held by the trustees of schools have never been paid.

The county collector of Monroe county applied to the county court, at the June term, 1904, for judgment and order of sale against said lands for the assessments above mentioned. The plaintiffs in error appeared and filed objections to the application so made. The first objection was that the lands are described so imperfectly that they cannot be located. The second and last objection was that at the time the assessments were made the lands constituted a part of the school funds of township 5, south, range 9, west, in Monroe county, and were for that reason exempt from taxation and special assessment, and that the assessments so made by the drainage district against the lands were and are therefore

void.   The objections were overruled by the county court, which entered judgment and order of sale against the property for the amount of the assessments.

The second objection above mentioned is the only one relied upon in this court by the plaintiffs in error for a reversal of the judgment entered below.

CHARLES MORRISON, and DILL & PFINGSTEN, for plaintiffs in error:

Real estate taken on any judgment, or for any debt due to the principal of any township or county school fund, becomes a part of the principal of such township or county fund, and while so held it is no more liable to taxation than if it were part of the sixteenth section.   Hurd's Stat. 1903, chap. 122, art. 12, sec. 6, p. 1693.

School property or school lands held in trust for school purposes are exempt from special assessments.   *People* v. *Trustees,* 118 Ill. 52.

Real estate acquired on foreclosure of a mortgage given to secure re-payment of school moneys loaned, in fact belongs to the State in trust for school purposes, and is exempt from taxation.   *Chicago* v. *People,* 80 Ill. 384; *Trustees* v. *Champaign County,* 76 id. 184.

Property belonging to the State is not subject to special assessment or special taxation.   *In re City of Mt. Vernon,* 147 Ill. 359.

WINKELMANN & OGLE, for defendant in error:

A special assessment contains none of the distinctive features of a tax.   It is assessed or levied for a special purpose, and not for a general purpose. It is not a charge on property which reduces its value.   The assessment is made in the ratio of advantages accruing to the property in consequence of its improvement.   *DeClercq* v. *Barber Paving Co.* 167 Ill. 215.

*City of Chicago* v. *City of Chicago,* 207 Ill. 37, is squarely in point.   In that case the city of Chicago sought to recover

for special assessment for improvements made, to-wit, side-walks joining the school property. None of the lots were part of section 16 or acquired in any way from funds derived from that source. The court held the property was subject to special assessment and the board of education liable to pay the same.

Exemption from taxation does not exempt from special assessments. *Chicago* v. *Theological Union,* 115 Ill. 245; *Stephani* v. *Catholic Bishop,* 2 Ill. App. 249; *County of Mc-Lean* v. *Bloomington,* 106 Ill. 209.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The only question arising upon the record and assignments of error in this case is, whether the assessments made by the drainage district upon the lands in question, while they were a part of the township school fund, were void.

It has been held by this court that the school section in each township, granted by the United States to the State for the use of the inhabitants of such township for the use of schools, so long as it remains a part of the school fund, is exempt from taxation and special assessment, and that this exemption extends to property exchanged for the school section or representing its proceeds. *City of Chicago* v. *People,* 80 Ill. 384; *People* v. *Trustees of Schools,* 118 id. 52; *People* v. *City of Chicago,* 216 id. 537.

This exemption is not placed upon any language of the statutes or the constitution expressly relieving such property from taxation, but upon the ground that section 2 of article 8 of the constitution of 1870 prohibits the depletion of the fund, resulting from such grant, by taxation or special assessment; and plaintiffs in error contend that there is no reason why the constitutional provision does not equally protect property arising from other sources.

The section of the constitution referred to reads as follows: "All lands, moneys, or other property, donated, granted or received for schools, college, seminary or univer-

sity purposes, and the proceeds thereof, shall be faithfully applied to the objects for which such gifts or grants were made."

From an inspection of this section it is apparent that it applies only to gifts or grants made prior to the adoption of the constitution of 1870. Its language plainly indicates that lands, money and other property had been theretofore donated, granted and received for schools, college, seminary and university purposes, and directs that such gifts or grants shall be faithfully applied to the objects for which they *were* made; and when it is considered that the Federal government had, prior to the adoption of the constitution of 1870, granted section 16 in each township, or lands equivalent thereto, to the State for the use of the inhabitants of such township for the use of schools, and had also granted lands and donated funds to the State for the establishment and maintenance of a State college or university and for the founding and support of a State seminary, it becomes apparent that the section of the constitution had reference, primarily, to these gifts and grants from the Federal government. It manifestly does not extend to gifts or grants made subsequent to the adoption of the constitution, and since the record in this case does not show that the money loaned to Canniff was money received by the trustees prior to August 8, 1870, it will not be presumed to have been so received, for the reason that it was incumbent upon the plaintiffs in error to bring their property clearly within the provision under which they claimed it exempt from the assessments. *In the matter of Swigert,* 119 Ill. 83; *McCullough* v. *Board of Review,* 183 id. 373; *In re Walker,* 200 id. 566.

It follows that the cases first above cited are not applicable to the case at bar, and that the property in question is not protected from special assessment by the constitutional provision above quoted.

Plaintiffs in error also urge that the lands were exempt under section 6 of article 12 of chapter 122, Hurd's Revised

Statutes of 1903, which provides that the funds derived from the sale of section 16, "or from the sale of any real estate or other property taken on any judgment or for any debt due to the principal of any township or county fund, and all other funds of every description," shall constitute a part of the principal of the township or county fund, and no such part shall be distributed or expended for any purpose whatever, but shall be loaned, etc., and that the rents, interest, issues and profits arising from said principal shall be distributed as provided by law, etc.

That section does not in terms purport to relieve the property therein mentioned from taxation or special assessment, and hence it will not be construed to have such effect. The law is well settled that an exemption cannot be raised by implication, but the intention to relieve from the burden of taxation must appear affirmatively. *In re Walker, supra.*

We therefore hold that the section of the statute referred to did not exempt the lands in question from the special assessments.

In the case of *City of Chicago* v. *City of Chicago*, 207 Ill. 37, this court held that school property in the city of Chicago, not being part of section 16 nor acquired with funds derived therefrom, was not exempt, either under the constitutional provision above quoted or under section 6 of article 12, *supra,* of the statutes, from a special assessment which was levied for the purpose of paving the street upon which the school property abutted. Part of that property was used for school purposes, part was vacant and the remainder was occupied by buildings from which rents and profits were received. It was there held that there was no distinction between the property used for school purposes and that which was vacant, so far as the liability for special assessment was concerned. There was no material distinction between that case and the one at bar.

The property here in question was liable to assessment for drainage purposes while constituting a part of the school

fund, and the court below did not err in overruling the objections and entering a judgment and order of sale for the special assessments.

The judgment of the county court will be affirmed.

*Judgment affirmed.*