THE BOARD OF EDUCATION OF THE CITY OF CHICAGO

*v.*

THE PEOPLE *ex rel.* Commissioners of Lincoln Park.

*Opinion filed December 20, 1905.*

1. SPECIAL ASSESSMENTS—*when school property is subject to special assessments.* School property not a part of school section 16 nor acquired with funds derived from that source is subject to special assessment, whether the assessment is levied by the city or a park board having authority to levy the same. (*City of Chicago v. City of Chicago,* 207 Ill. 37, adhered to.)

2. SAME—*a judgment cannot be attacked on mandamus except for jurisdiction.* If property is subject to special assessment and the court had jurisdiction to enter a judgment of confirmation, the judgment cannot be collaterally attacked in a proceeding by *mandamus* to compel payment of the amount due under the several installments of the assessment.

APPEAL from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding.

This is a petition for *mandamus,* filed on February 1, 1905, in the circuit court of Cook county by the People upon the relation of the commissioners of Lincoln Park, against the board of education of the city of Chicago for a writ of *mandamus* to be directed to the said board, commanding it to certify in its next annual budget or estimate, to the proper officers of the city of Chicago, for sufficient funds to provide for the payment of $3684.71, the amount of money alleged to be due the relators on January 30, 1905, by reason of the failure of the appellant to pay the five installments of special assessment warrant No. 196,257, for the improvement of Diversey avenue boulevard in Chicago, from Clark street to the Chicago river, and the five installments of special assessment warrant No. 203,949, for the electric lighting of said boulevard, as said assessments were levied against eight lots of twenty-five feet frontage each, abutting upon Diversey boulevard and owned and occupied by the appellant for a public school building and playground.

The appellant, the Board of Education of the City of Chicago, filed a demurrer to the petition. This demurrer was overruled, and the appellant elected to stand by its said demurrer, whereupon an order was entered directing a peremptory writ of *mandamus* to issue, commanding the board in accordance with the prayer of the petition. The present appeal is prosecuted from such order or judgment.

The petition, after reciting that the appellee, the commissioners of Lincoln Park, was a corporation created under an act of the legislature, and after reciting that the board of education was created by an act of the legislature, etc., alleges that the appellee, petitioner herein, being the commissioners of Lincoln Park, under the powers conferred upon it by the legislature, and with the consent of the corporate authorities of the towns within which Lincoln Park is situated, is empowered to levy special assessments for the purpose of making local improvements on the various boulevards and parkways within its jurisdiction; that, on January 7, 1899, it filed with the consent of the corporate authorities of the town of Lake View and under the name of said town for the use of the appellee a petition in the Superior Court of Cook county in cause No. 196,257 for the improvement of Diversey avenue boulevard from Clark street to the Chicago river; that a report or assessment roll was prepared and filed in the said cause by the commissioners, appointed for that purpose by the court, and the court, by judgment entered of record on September 20, 1899, confirmed said assessment roll ih all particulars; that, on January 15, 1900, appellee filed, with the consent of the corporate authorities of the town of Lake View, and in the name of said town for the use of said commissioners in the Superior Court of Cook county in cause No. 203,949, a certain other petition for a local improvement, consisting of an installment of an electric lighting system on said Diversey avenue boulevard; that a report or assessment roll was prepared and filed in said cause by the commissioners appointed for that purpose by the court, and

said assessment roll was confirmed by the judgment of said court in all particulars on May 5, 1900; that said property, consisting of eight lots, was used by the board of education for a public school building and playgrounds and abuts upon Diversey avenue boulevard; that the said boulevard was selected and taken in accordance with the statutes by said park commissioners, as a boulevard, several years before the levying of the said assessments; that all things, required by the statute for the levying of said assessments, were performed in accordance with such requirements; that due notice was given to the board of education of the filing of said petitions; that no objection thereto was ever made or filed by the board of education in either of said causes; that, upon the confirmation of said assessments, the appellee caused the boulevard to be improved in accordance with the ordinance and specifications adopted for that purpose, and such improvements have been for a long space of time fully completed and opened for use, and said public school building, and the board of education, derive a great and lasting benefit from said improvements; that warrants were duly issued by the clerk of the Superior Court, directed to the county collector, authorizing him to collect the said special assessment on warrant No. 196,257, and that there were due certain amounts upon the first, second, third, fourth and fifth installments, with interest, etc.; that upon the falling due of the installments on warrant No. 203,949, the appellant refused to pay the collector the amounts levied against said property for said assessment, and that certain amounts are due for the first, second, third and fourth installments, with interest; that the fifth installment of said last named warrant will not fall due until January 5, 1905; that the total amount due, exclusive of interest, including the said fifth installment, is $3122.64; that a deficiency existed in both of said special assessments for the improvement of said Diversey boulevard, after its completion, for a large amount; that the premises, upon which said special assessments were levied,

are described in the books of the board of education as "School tax fund property," "being no part of section 16 or acquired in any way from funds derived from that source;" that the board, appellant herein, has never paid said special assessments, levied against its property, although requested to do so, and refuses to pay the same; that the board is liable for special assessments levied on its property and should pay the same out of funds, obtained by said board in the manner provided by law; that annually it is the duty of the board of education to submit to the proper officer of the city of Chicago its estimate of the amount of funds needed for the ensuing year, stating in said estimate the items for which said funds are needed, but that said board, in violation of its duty, has refused, and still refuses to include in said estimate any items or sums necessary for the payment of said special assessments; that there was due on warrant No. 196,257 on January 30, 1905, including interest and costs, as in the judgment of confirmation provided, the sum of $3091.42, and upon warrant No. 203,949 on the same date, including interest and costs, as in said judgment provided, the sum of $593.29, making a total then due to appellee of $3684.71.

JAMES MAHER, and ANGUS ROY SHANNON, for appellant.

FRANK HAMLIN, (BYRON BOYDEN, of counsel,) for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The brief of the appellant in this case seems to be an effort to induce this court to overrule the decision, made by it in the case of *City of Chicago, for use of Schools* v. *City of Chicago,* 207 Ill. 37. After a careful consideration of the argument of counsel for appellant, we see no reason for retreating from the views expressed in the decision in that

case. Substantially, the only question there involved, which is also the only question here involved, is whether or not the property assessed, being school property, and not a part of any section 16, or acquired in any way with funds derived from that source, is subject to special assessment. We held, in the case referred to, that such school property was subject to special assessment.

The principal points, made by the appellant in the case at bar, are that the owner of school property in the city of Chicago is the State of Illinois; that to confirm a special assessment against any of said·property involves a suit at law in reality against the State, though it is not nominally made a party of record; that the law prohibits the suing of the State; that the board of education of the city of Chicago is a governmental State agency, and no authority of law exists for suing the same; that all school property within the jurisdiction of the board must under the constitution be used for public school purposes, and that to permit it to be subject to special assessment for boulevard and park improvements would be to allow its use for other than such purposes; that the charge and control of school property within the limits of the city of Chicago rest with the board of education, and to permit the same to be subject to special assessment for park and boulevard purposes would necessitate the taking of the charge and control of the same out of the hands of the board; that all property of every description under the charge and control of the board must be used for public school purposes, and there is no authority of law for levying any tax under any law of this State, applicable to the public school system within the city of Chicago, the proceeds of which can be expended for purposes other than public school purposes, and to permit this special assessment of public school property would involve the use of public school moneys for other than public school purposes; and that, therefore, for these reasons, public school property is exempt from the special assessments levied in this proceeding.

Substantially, all the questions thus presented for our consideration were determined in the case of *City of Chicago* v. *City of Chicago, supra,* against the contentions of the appellant, and we see no reason for a re-argument or re-discussion of the same. The only difference between the case at bar and the case already decided is the fact that, in the case referred to, the city of Chicago levied the special assessment there involved, while, in the case at bar, the special assessments have been levied by the commissioners of Lincoln Park. The principles, announced in the decided case, are the same as those here involved, and are as well applicable to these assessments, levied by the Lincoln Park commissioners, as to the other assessments levied by the city of Chicago.

The commissioners of Lincoln Park have power to levy assessments by and with the consent of the corporate authorities of the town, within which said park is situated. (3 Starr & Curt. Ann. Stat.—2d ed.—2861; *Jones* v. *Town of Lake View,* 151 Ill. 663; *Halsey* v. *Town of Lake View,* 188 id. 540.) The Lincoln Park commissioners have power conferred upon them by the legislature of the State to levy special assessments for the purpose of making local improvements on the various boulevards and parkways in their jurisdiction with the consent of the corporate authorities of the towns, within which the park is situated. And it is so alleged in the petition. In *City of Chicago* v. *City of Chicago, supra,* we said (p. 45): "It is also insisted by appellant that the payment of this special assessment out of the school funds would be a diverting of said funds from the object for which they were created. We do not see how that position can be maintained. A special assessment may be levied for the purpose of paving streets, putting down sidewalks, putting in curbing, or for sewer purposes, all of which are, in theory, for the benefit of the property abutting on the line of the improvement. Undeniably all of these improvements are of great benefit if not of actual necessity, to a public school, and from the most of them no property derives more benefit than

does that of the board of education.   They are as necessary to the practical use of the property as the furnishing of heat, light and air.   Special assessment for such improvements is but a method of applying the funds of the school district for the benefit of its schools, and is legal and proper."

We are unable to say that the improvement of Diversey avenue boulevard by the grading, curbing, filling, paving and lighting of the same is not a benefit to the public school property here involved, which abuts upon said boulevard.   It is true that the boulevard may be wider and better paved and better lighted than an ordinary street, but it cannot be said that the only object of the assessments here involved is to beautify and improve the boulevard as a driveway.   The improvements in question in addition to the beautifying of the boulevard as a driveway, benefit the property assessed for practical use.   The legislature delegated to the park commissioners the power to pave and improve the streets, taken by them to be used as boulevards in connection with the park system, in the same manner as the city of Chicago is empowered to improve its streets.   The boulevard here in question was so taken by the commissioners of Lincoln Park, and under these proceedings was improved by curbing, filling, grading, paving and lighting, in the same manner as other streets are improved.

In *City of Chicago* v. *City of Chicago, supra,* we held that such a suit as this was not against the State of Illinois, using the following language in that case (p. 44) : "We do not think this is a suit against the people of the State of Illinois, nor do the lands belong to the people of the State of Illinois.   The title thereto is in the city of Chicago in trust for the use of the schools in that city, and any interest, which the people may have in the lots, is confined to the people of the city of Chicago, rather than to the whole State of Illinois.   Our statute expressly provides that boards of education may sue and be sued, and while it is contended that there is no such express provision with reference to the board

of education of the city of Chicago, yet we think the power to sue and be sued may be implied from the act, and that the suit in question is in reality a suit against said board of education, rather than against the people of the State of Illinois." In the case referred to, it was also distinctly held that exemption from taxation does not exempt from special assessments; and that school property, not being a part of section 16 of the township nor derived therefrom, is subject to special assessment, whether occupied for school purposes, vacant, or occupied by buildings from which the school receives rent; and that the payment of a special assessment against school property for improvements of benefit to the property is a proper method of applying the funds of a school district for the benefit of its schools.

It is to be noted that this is a petition for *mandamus* against the board of education to compel it to pay the judgments of confirmation already rendered. The proceeding is, therefore, a collateral one, and the validity of the judgments of confirmation cannot be here questioned, unless it be shown that the court rendering them was without jurisdiction. Inasmuch as the school property was subject to special assessment in the manner already stated, the court, which rendered the judgment of confirmation, had jurisdiction. It is alleged in the petition, that no objection, such as is here urged, was made or filed by the board of education in either of the special assessment proceedings hereinbefore referred to. This allegation is admitted by the demurrer to be true. As the board did not make such objections in the original assessment proceeding, it is too late to do so in this collateral proceeding.

For the reasons above stated, we are of the opinion that the court below decided correctly in sustaining the demurrer to the petition.

Accordingly, the judgment of the circuit court of Cook county is affirmed.                    *Judgment affirmed.*