THE PEOPLE *ex rel.* P. M. Stubblefield, County Collector, Appellee, *vs.* THE BLOOMINGTON CEMETERY ASSOCIATION, Appellant.

*Opinion filed December 16, 1914.*

1. PRACTICE—*when an appearance is general.* An appearance for any other purpose than to question the jurisdiction of the court is general. '

2. TAXES—*question of sufficiency of notice is waived by filing objections to merits.* On application for judgment and order of sale for taxes the question of the sufficiency of the description of the objector's property in the advertisement notice of the delinquent list is waived by the filing of objections going to the merits of the tax.

3. SAME—*property of a cemetery association is subject to special tax unless exempt by its charter.* The property of a cemetery association is subject to a special tax for a local improvement unless it is exempt by its charter, and a judgment and order of sale are authorized where it is not shown that any of the land ordered sold is used for burial purposes.

4. SAME—*an objection not made in trial court cannot be considered by Supreme Court.* An objection, on application for judgment and order of sale for a special sewer tax, that there was a change in the location of the improvement after the judgment of confirmation, cannot be considered by the Supreme Court where it was not made in the trial court. ·

APPEAL from the County Court of McLean county; the Hon. HOMER W. HALL, Judge, presiding.

LIVINGSTON & BACH, for appellant.

A. W. PEASLEY, City Attorney, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal by the Bloomington Cemetery Association from a judgment and order of sale for a delinquent assessment of $904 for a vitrified pipe sewer across the grounds of appellant in the city of Bloomington.

Counsel for appellant argue that the description of its property in the advertisement notice of the delinquent list is so defective that the county court acquired no jurisdiction by virtue of it, as the land could not thereby be identified. This description in the notice reads: "Bloomington Cemetery· Association.—Grounds of said Cemetery Ass'n within said district, $904." The report of the commissioner giving a detailed description of the limits of the drainage district and the property benefited was introduced also on the hearing. There is merit in the argument of counsel that the property cannot be identified from the description in this notice, but appellant had the right to appear specially in the court below to question the sufficiency of the notice to confer jurisdiction. In a tax case, as well as in a personal action, a property owner may enter a general appearance, and in such case an objection that the notice was defective cannot be availed of. An appearance for any other purpose than to question the jurisdiction of the court is general. (*Nicholes* v. *People,* 165 Ill. 502; *McChesney* v. *People,* 178 id. 542; *Dickey & Baker* v. *People,* 213 id. 51; *People* v. *Smythe,* 232 id. 242.) Appellant not only filed objections questioning the jurisdiction of the court, but also filed other objections which went to the merits of the assessment. Under the authorities cited,

therefore, it waived the jurisdictional question as to the defective notice.

Counsel further insist that the evidence shows that the assessed property includes lots actually used for burial purposes. The record is not clear on this point. It may be fairly inferred from the evidence that the Moratz mausoleum on a private lot belonging to a family of that name is within the limits of the property of the appellant association assessed in this special assessment, but if that lot belongs to the Moratz family it is private property and could not be sold under this judgment order against the property of the cemetery association. Besides, the record does not show that there were any bodies interred in this mausoleum. This court has held in *Bloomington Cemetery Ass'n* v. *People,* 139 Ill. 16, that the property of a cemetery association is subject to a special tax for local improvements of this kind unless exempted by its charter from such tax. We assume from the record that the cemetery association in that case is the identical one that is the appellant in this case. In that case, as here, it was not shown that any part of the land ordered to be sold was actually used for burial purposes. See, also, on this question, *City of Chicago in Trust* v. *City of Chicago,* 207 Ill. 37; 1 Cooley on Taxation, (3d ed.) 362, and authorities in note 5.

Counsel further argue that there was a substantial change in the location of the improvement after the confirmation of the assessment. The objections filed in the court below did not raise this question. While it is true that an engineer, on cross-examination, stated that the location of the sewer had been changed in some particulars, neither the trial court nor this court can consider that question, no objection having been filed raising the same.

On this record the judgment of the county court must be affirmed.                                    *Judgment affirmed.*