(No. 11510.—Judgment affirmed.)

THE NORTH RICHLAND DRAINAGE DISTRICT, Defendant in Error, *vs.* THEODORE KARR *et. al.* Plaintiffs in Error.

*Opinion filed October 23, 1917—Rehearing denied Dec. 7, 1917.*

1. DESCRIPTION—*description of real estate by existing monuments is presumed to be correct.* A description of real estate which refers to objects as fixed and existing will be presumed to be correct, and it will be presumed that the things referred to as monuments can be found.

2. DRAINAGE—*what description of ditches in petition for drainage district is required by statute.* The statute merely requires the description of ditches in a petition for a levee drainage district to be sufficient to enable a competent surveyor to locate the courses and distances of the ditches from the specified starting point and terminus of each ditch and its general route.

3. SAME—*petition for drainage district need not expressly state the acreage of the district and amounts owned by the signers.* The statute does not require that the petition for a levee drainage district shall expressly state the total acreage of the district or the number of acres owned by the respective signers, but only requires that the petition shall be so drawn that it will afford information from which such facts can be ascertained by investigation.

4. SAME—*when party cannot question legality of organization of drainage district.* Where no bill of exceptions containing the evidence on which the court acted on the hearing of the petition for the organization of a drainage district is preserved a party can not raise the question of the legal organization of the district on motion to set aside the order, as the presumption of the correctness of the proceeding will obtain until error therein is shown by the record.

5. SAME—*when objections going to jurisdiction are waived.* Where a party enters a general appearance to object to amendments to a petition for the organization of a drainage district, objections going to the jurisdiction of the court are waived.

6. SAME—*agreement with a railroad company upon the taking of property for drainage purposes does not preclude future assessments.* Drainage commissioners may contract with a railroad company in regard to the compensation for land taken and the amount of the first assessment of benefits upon lands not taken, but such contract does not preclude future additional assessments.

7. SAME—*question of proportion of assessments must be raised on hearing of legal objections.* The question of the proportion of

assessments in the assessment roll must be raised and preserved on the hearing of the legal objections and cannot be argued on the trial before the jury on the question of benefits.

8. SAME—*Supreme Court will not interfere where evidence is conflicting as to benefits and verdict is within range of testimony.* Where the evidence is conflicting as to whether property is assessed more than it will be benefited the Supreme Court will not interfere with the judgment of the lower court and the verdict of the jury, which is within the range of the testimony, unless the finding is clearly against the weight of the evidence.

WRIT OF ERROR to the County Court of St. Clair county; the Hon. J. B. MESSICK, Judge, presiding.

WILLIAM H. PFINGSTEN, and LOUIS J. GROSSMANN, for plaintiffs in error.

P. K. JOHNSON, (A. H. BAER, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was a proceeding in the county court of St. Clair county under the Levee act for organizing the North Richland Drainage District and for the ascertainment of damages to lands proposed to be taken and benefits and damages to lands not taken, said improvement to be constructed by special assessment. The county court entered an order organizing the district, and thereafter plaintiffs in error filed a motion to set aside said order on the ground that the court was without jurisdiction, under the petition, to enter it. The motion was overruled, and a hearing was had before a jury, as to the property of plaintiffs in error, for the amount of benefits and damages, and judgment was entered in accordance with the verdict on those questions. This writ of error was thereafter sued out to review the proceedings in the county court.

The proposed district is about one and two-fifths miles in length and varies in width from about 200 feet at its

narrowest to about 900 feet at its widest part. The greater portion of the district lies within the city limits of the city of Belleville, in said St. Clair county. A natural channel, known as Richland creek, now flows lengthwise through the proposed district and drains it. The plan of the proposed district, according to the petition, is to "deepen, widen and straighten said creek and to re-locate the channel thereof wherever within said proposed district the same may be deemed necessary, and in furtherance of this purpose to construct a ditch, with levees when necessary, following the general course of said creek, or a lower level, with sufficient width and fall to drain properly the territory described herein for sanitary purposes, to keep the channel of said ditch free and clear from driftwood and obstructions, and otherwise to provide, maintain and keep in repair a complete and general system of drainage for sanitary purposes for the lands lying within the boundaries of said proposed district." The hearing on the original petition was set for January 19, 1916, no objections being filed at said hearing by any of the plaintiffs in error. On said January 19 the court granted the petitioners leave to amend the petition by inserting the words "an open" after the word "construct," and thereafter entered a default against all property owners mentioned in the petition except eight, who were given until January 31 to file objections. On the last mentioned date the objections of said eight property owners were withdrawn and default entered against all objectors. Thereafter the court appointed commissioners, as required by statute, and continued the case to March 29, 1916, for their report. Said commissioners filed their report, estimating the probable cost of the work at $79,000 and the probable annual cost of keeping the same in repair at $50, and that the probable aggregate amount of damages to lands taken would be $6000. The trial court fixed the hearing on said report for April 26, 1916. No objections was filed to the said report, and on that date default was entered as to all

parties, and an order was entered approving the report of said commissioners and for the organization of said district. On June 17 the commissioners filed their original assessment roll of benefits and damages, fixing the total benefits at $79,000, of which $59,545 was assessed against the city of Belleville for and on account of its streets, alleys and lands lying within the boundaries of said district, and fixing the total damages for lands taken for right of way at $2441. It appearing on this hearing that the commissioners were unable to obtain such right of way from some of the land owners, on the last mentioned date the court ordered a jury to be drawn, in accordance with the provisions of the Eminent Domain act, to hear and determine all questions of benefits and damages to any of the land in said district, and issued a venire therefor, returnable July 31, 1916. A number of continuances were thereafter entered by the court, the last one to August 19, 1916. On August 12, 1916, plaintiffs in error filed their legal objections to said proceedings, and on August 19 the petitioner, by its counsel, filed its motion to amend the petition by correcting the typewritten portions thereof so as to change the names of the various purported owners of the land lying within the proposed district to conform to their signatures; also by adding thereto a description and ownership of a number of tracts which had been omitted from the original petition, and to add to said petition, "the streets, alleys and public places in the city of Belleville lying and being within the limits" of said district; also for leave to file an amended assessment roll, adding property omitted from the original roll and inserting the number of acres in each tract assessed. Plaintiffs in error objected to said amendments, but their objections were overruled and the motion to amend allowed.

The principal legal objections urged by counsel for plaintiffs in error are that the petition is not sufficient to describe the drainage ditch so as to give the court juris-

diction; that it fails to describe with sufficient accuracy its course and distances, fails to locate the places where the new ditch is to follow the old channel or where the new ditch is to commence or to end, and fails to give the number of the new ditches or the location, character, approximate size of any of them, nor does it describe the levees proposed to be built or attempt to locate them or give the size and dimensions thereof.

It is clear from reading the petition that the improvement contemplated a single ditch without laterals, and that it was necessarily an open ditch.

The petition refers in several places to existing monuments. It is clear from the arguments in the briefs, taken in connection with the description in the petition, that no question is raised that these monuments, streets and other physical objects exist in fact and could be readily located by one competent to make a survey from the description given in the petition. Reference to existing monuments is a usual and approved method for describing real estate. (*People* v. *Willison,* 237 Ill. 584; *City of Lincoln* v. *Chicago and Alton Railroad Co.* 262 id. 11; *City of Highwood* v. *Chicago and Milwaukee Electric Railroad Co.* 268 id. 482.) The description given is sufficient to enable a competent surveyor to locate the courses and distances of the ditches within the proposed drainage district, and that is all the law requires. (*People* v. *Willison, supra; People* v. *Brown,* 261 Ill. 73.) A description of real estate which refers to objects as fixed and existing will be presumed to be correct, and it will be presumed that the things referred to as monuments can be found. (*Ogden & Co.* v. *City of Chicago,* 224 Ill. 294.) The Levee act only contemplates that the petitioner shall propose, in a general way, a plan of the work desired to be done. It does not contemplate that the petition shall contain such information as would constitute specifications upon which bids for doing the proposed work might be made. It is only necessary that the petition should

specify the starting point and terminus of each ditch, together with its general route, so as to afford reasonably accurate information to the parties interested of the extent and general course of each ditch. It is not necessary in such petition to describe the improvement with the same accuracy which would be required in letting a contract for its construction. (*Wayne City Drainage District* v. *Boggs,* 262 Ill. 338; see, also, as to the necessity for details of the proposed improvement in the petition, *Stokes* v. *Bay Bottoms Drainage District,* 278 Ill. 390.) We think the description here as to the starting point, route and terminus comes within the reasoning of the cases just cited, and that plaintiffs in error's motion to set aside the order organizing the district because of defects in the petition is without merit.

We do not think the petition was defective in not giving the total acreage of the district or the number of acres owned by the respective signers. The statute does not so require. It only requires that the petition shall be so drawn that in itself it will afford information from which the acreage of the district and the signers of the petition can be ascertained by investigation. The petition in this case, we think, contains such information. Furthermore, we do not think, on the reasoning of this court in *Donner* v. *Highway Comrs.* 278 Ill. 189, where the facts were somewhat similar, that the plaintiffs in error could raise in the lower court, at the time they made the motion, the question of the legal organization of the district. On the hearing of the petition, as well as on the hearing of the commissioners' report, it became the duty of the trial court, under sections 5 and 17 of the Levee act, to inquire into and hear evidence on the sufficiency of the petition and the commissioners' report and to enter judgment according to its findings. As no bill of exceptions containing the evidence on which the court below acted is in the record, it must be presumed that sufficient evidence was heard to sustain the findings of the trial court. The presumption of

the correctness and regularity of judicial proceedings will obtain until error therein is shown by the record. (*Gross v. Village of Grossdale,* 176 Ill. 572; *Modern Woodmen v. Davis,* 184 id. 236; *Kelly v. City of Chicago,* 148 id. 90.) It must be held that this is a collateral attack under the reasoning of this court in *Donner v. Highway Comrs. supra,* and even on direct attack, there being no bill of exceptions taken at the term at which the hearing on the legal objections was had, the legality of the organization of the district could not be questioned. *Village of Franklin Park v. Franklin,* 228 Ill. 591; *City of Chicago v. Hulbert,* 235 id. 204.

Counsel for plaintiffs in error argue at some length as to the court permitting the amendments to the petition. We do not think the jurisdictional features of the original petition can be questioned on this hearing. Neither do we think the amendments were of a material character. On any of the points raised as to the sufficiency of the petition the amendments might properly be expunged of record as surplusage, and hence the questions raised with reference to these amendments need not be considered. (*Doremus v. People,* 161 Ill. 26; *Roberts v. City of Evanston,* 218 id. 296; *People v. Harper,* 244 id. 121.) Moreover, on this question of amendments as relating to the jurisdiction of the court, even if they were improper, plaintiffs in error are in no position to raise any objection, for when objections were made to these amendments plaintiffs in error did not specifically limit their appearances to the question of jurisdiction but entered a general appearance, and therefore waived the jurisdictional objections. *People v. Bloomington Cemetery Ass'n,* 266 Ill. 32; *Dickey & Baker v. People,* 213 id. 51; *Nicholes v. People,* 165 id. 502.

It is further contended that the commissioners had no authority to enter into certain contracts with two of the railroad companies for compensation for land to be taken and assessment of benefits upon land not taken, in consid-

eration of which the railroad companies agreed to waive damages for right of way taken by the proposed ditch and to construct at their own expense bridges across the new ditch. These contracts were attached to the assessment roll. Section 17 of the Levee act authorizes the commissioners to acquire the right of way and give releases of damages for the construction of the proposed work by agreement, and section 55 of the act contemplates that when the commissioners and the railroad companies agree as to the amount they shall contribute, the amount so agreed upon shall be reported to the jury when it meets to correct the assessment roll, and the amount so agreed upon shall be incorporated in the assessment roll by the jury or the commissioners. These contracts are quite similar to those passed on by this court in *Vandalia Drainage District* v. *Vandalia Railroad Co.* 247 Ill. 114, and what was said in that case concerning any mistakes made in making the contracts, as to future assessments, will apply here with equal force. The court there said (p. 123): "The commissioners have no more power to relieve railroad companies and towns from future assessments than they have to relieve other land owners from such assessments. The contracts under consideration can therefore be given no other effect than to fix the amount of the first assessment against the plaintiff in error railroad companies, * * * and are no bar to an additional assessment or to an annual assessment for repairs against them."

It is further argued by plaintiffs in error that the $58,-090 assessed against the city of Belleville is unreasonable and unjust, and therefore excessive and void. This point is urged by them as tax-payers who are required to pay a part of the city taxes. We find nothing in the record in this case to justify counsel's argument on this point. Section 55 of the Levee act expressly authorizes an assessment against the municipality for an improvement of this kind, and section 17*a* of the act states that the assessment roll will make a *prima facie* case for the commissioners and

must control unless overcome by other evidence. We find no evidence in the record which overcomes this *prima facie* proof.

In this connection it may be noted that counsel, on the trial before the jury on the question of benefits, attempted to show that certain property was assessed out of proportion to other property in the assessment roll. The jury have nothing to do with that question. If any such question was to be raised it should have been raised and the point preserved on the hearing of the legal objections. *City of East St. Louis* v. *Illinois Central Railroad Co.* 238 Ill. 296, and cases cited.

Counsel for plaintiffs in error argue earnestly and at some length that the property they represent is assessed more than it will be benefited, and that the compensation for the property taken is not as much as it should have been. They state, however, that the evidence on these questions was very conflicting and that "the estimates of the witnesses for objectors and for petitioner vary widely." When the evidence is conflicting on questions of this nature, and particularly on issues to be determined wholly by the opinions of witnesses, this court will not interfere with the judgment of the lower court and the verdict of the jury unless the finding of the lower court is clearly and palpably against the weight of the evidence. (*City of Chicago* v. *Weber,* 260 Ill. 105; *City of Chicago* v. *McKinlock, 256* id. 38; *Topliff* v. *City of Chicago,* 196 id. 215.) The finding of the jury on these questions was clearly within the range of the testimony of the various witnesses, and even though we might be inclined to differ from the finding if we were hearing this matter as an original proceeding, still we cannot say that the finding on these questions is clearly against the weight of the evidence, and therefore are not warranted in setting aside the judgment on those questions.

Counsel also argue at some length with reference to the instructions given to the jury, insisting that the jury must

have been misled by the instructions or their verdict would have been different.  It is clear from the finding of the jury that they did not consider themselves mandatorially directed to return a certain verdict, for in fixing the compensation and benefits they did not follow the assessment roll or the evidence of any given witness but changed the amounts as to several of the objectors as fixed by the assessment roll.  We have examined the instructions complained of, both given and refused, and find no reversible error in the rulings of the court with reference to the same.

The judgment of the county court will be affirmed.

*Judgment affirmed.*