## OAK HILL CEMETERY COMPANY *v.* WELLS.

[No. 5,809. Filed June 28, 1906.]

1. CONSTITUTIONAL LAW.—*Taxation.—Exemptions.—Powers of Legislature.*—The legislature has no power to exempt property from taxation which is not exempted by the Constitution. p. 481.

2. SAME.—*Taxation.—Cemeteries.*—The framers of the Constitution did not look upon the family burying-ground nor the churchyard as property, and such are exempt from taxation within the spirit of the Constitution. p. 481.

3. TAXATION.—*Exemption from.—Burden of Proof.*—The burden is upon the person claiming property as exempt from taxation to establish that such property is within the exemptions defined by the Constitution. p. 482.

4. SAME.—*Cemeteries.—Used for Gain.—Statutes.*—An incorporated cemetery association in the business of selling lots for purposes of gain is not exempt from taxation under §4708a Burns 1901, Acts 1895, p. 18. p. 482.

From Lake Circuit Court; *Willis C. McMahan,* Judge.

Suit by Albert A. Wells against the Oak Hill Cemetery Company and others. From a decree for plaintiff, said company appeals. *Affirmed.*

*John A. Gavit,* for appellant.
*Thomas J. Wood,* for appellee.

ROBINSON, C. J.—Appellee held a tax deed to certain land sold for taxes by the auditor as the property of appellant. The court found the tax deed invalid as to conveying title, but decreed a lien for $888.02 against the land for taxes paid. The one question is whether the land is subject to taxation, the same being used exclusively for cemetery purposes.

The agreed facts are: Appellant is a corporation organized under the laws of this State for cemetery purposes only. The twenty acres of land described was listed for taxation and sold by the county treasurer to appellee in

February, 1901, for the taxes for 1899 and 1900, amounting to $305.32. A deed was issued to appellee by the auditor in February, 1903. Since the sale appellee has paid on the land $237.31 taxes for 1902 and 1903. In July, 1899, the county board of review by a resolution ordered that cemeteries be not taxed. Appellant was organized for the purpose of selling lots for gain and profit for burial purposes, and at the time of levying the taxes and the sale appellant had personal property from which the taxes could have been made. It was further agreed that the only question to be determined is whether the land is subject to taxation, the same being used exclusively for cemetery purposes.

By the law approved March 6, 1891 (Acts 1891, p. 199, §5), one of the provisions exempting certain property from taxation was the following: "Every building used for religious worship and the pews and furniture within the same, and also the parsonage attached thereto and occupied as such, and the land whereon such building or buildings are situate, not exceeding ten acres, when owned by a church or religious society, or in trust for its use, also every cemetery." By an act approved January 31, 1893 (Acts 1893, p. 12, §8412 Burns 1901), the above provision was amended by substituting the word "belonging" for "attached." By an act approved February 20, 1895, under the title, "An act exempting from taxation the property of cemeteries organized under the laws of this State, upon a basis which prevents the corporation from deriving therefrom pecuniary benefit or profit," it is provided: "That in all cases where cemeteries have been incorporated under the laws of this State upon such a basis, that the corporation cannot derive any pecuniary benefit or profit therefrom, all the property and assets belonging to such corporation used exclusively for cemetery purposes, shall be exempt from taxation for any purpose." (Acts 1895, p. 18, §4708a

Burns 1901.) The act of 1895, *supra,* was in force at the time of the levy of the taxes and sale here in question, although it has since been superseded by the act in force April 15, 1905 (Acts 1905, p. 185, §4708a Burns 1905).

The legislature is directed by §1, article 10, of the Constitution to provide by law for a uniform and equal rate of assessment and taxation, and to prescribe such

1. regulations as shall secure a just valuation for taxation of all real and personal property, excepting such only "for municipal, educational, literary, scientific, religious, or charitable purposes, as may be especially exempted by law." The legislature is without authority to exempt any property from taxation unless it comes within one of the classes above mentioned. *State, ex rel., v. City of Indianapolis* (1879), 69 Ind. 375, 35 Am. Rep. 223, and cases cited; *Warner v. Curran* (1881), 75 Ind. 309; *Deniston v. Terry* (1895), 141 Ind. 677; *Harn v. Woodard* (1898), 151 Ind. 132; *Travelers Ins. Co. v. Kent* (1898), 151 Ind. 349.

Whether land set apart and in fact used as a cemetery or burial ground is used for religious purposes, or, as counsel argues, for charitable purposes, within the

2. meaning of the Constitution, it is unnecessary to stop and inquire. When the men who framed the Constitution came to consider the character and purpose of the property that might be exempted from taxation, they, in common with the rest of mankind, did not think of the family burying-ground and the churchyard as property. They not only thought that they should not be taxed, but, following the natural impulses of the race, they did not think it necessary even to say in words that they should be exempt from taxation. If a particular plot of ground is and has been used for burial purposes it is exempt from taxation within the spirit and intent of the above constitutional provision. See *Dwenger v. Geary* (1888), 113 Ind.

106, 112; *Page v. Symonds* (1883), 63 N. H. 17, 56 Am. Rep. 481; *Craig v. First Presbyterian Church* (1878), 88 Pa. St. 42, 32 Am. Rep. 417.

As appellant is relying upon the exemption of its property from taxation, the burden was upon it to show 3. that its property came within some class of property which the statute says is exempt. A tract of land purchased by an incorporated cemetery association for cemetery purposes and platted into lots for 4. cemetery purposes could properly be said to be used exclusively for cemetery purposes. But this is not equivalent to saying that the lots are used for burial purposes, and that they are now in use for such purposes. But the facts show that appellant was organized for the purpose of selling lots for gain and profit for burial purposes. Whether a part or any of such lots have been sold and are now used by the purchasers for burial purposes does not appear. The exemption given by the acts of 1891 and 1893, *supra,* were not intended to relieve from taxation any property that was used by the owner for purposes of gain and profit, and to make this perfectly clear the legislature passed the act of 1895, *supra.* This act is superseded by the act of 1905, *supra,* which makes the further provision that such association may set aside a definite portion of the proceeds derived from the sale of lots as a perpetual care fund, which fund shall be exempt from taxation.

Upon the facts, the case comes within the provisions of the act of 1895, which does not exempt cemetery property where the corporation is organized for the purpose of selling lots for gain and profit, and the land not in actual use for burial purposes.

Judgment affirmed.