## CITY OF GARY ET AL. v. GARY OAKHILL CEMETERY ASSOCIATION.

[No. 23,135.   Filed June 29, 1917.]

1. MUNICIPAL CORPORATIONS.—*Public Improvements.—Sewers.— Assessments.— Exemptions. — Cemeteries. — Statute.—* Section 8726 Burns 1914, Acts 1905 p. 219, 302, providing that land used or occupied for cemetery purposes shall not be assessed for the construction of sewers or drains adjacent thereto, applies only to such sewers or drains as, by their location and construction, are in actual physical contact with, or which abut, adjoin or are near lots or parcels of land held or used for cemetery purposes, and the statute does not apply in a case where the sewer at its nearest point to the cemetery is more than 600 feet away. p. 448.

2. MUNICIPAL CORPORATIONS.—*Public Improvements.—Sewers.— Assessments. — Exemptions. — Cemeteries.— Statute.—* Section 4447 Burns 1914, Acts 1905 p. 185, providing that the property and assets of cemetery corporations not organized for profit shall be exempt from taxation, pertains only to the exemption of taxes imposed by legislative authority, and does not apply to local assessments based upon the theory of benefits to property assessed.   p. 451.

3. STATUTES. — *Construction. — Provisos. — Operation and Effect.—*The chief purpose of a proviso is to except the clause covered by it from what would otherwise be embodied in the statute.   p. 452.

4. MUNICIPAL CORPORATIONS.— *Public Improvements.— Statute. —Construction.—*The proviso in §4447 Burns 1914, Acts 1905 p. 185, amending the act of 1895, Acts 1895 p. 18, exempting the real estate of cemetery corporations from sewer assessments is without legislative force since the subject-matter of the proviso is not within the title of the original act, nor a matter germane to the subject expressed therein, and there is no provision in the body of such act upon which the proviso may operate.   p. 452.

5. MUNICIPAL CORPORATIONS.—*Public Improvements.—Assessments. — Exemptions. — Presumptions.— Statutes. — Construction.—*In the absence of specific statutory authority exempting property from local assessments, the exemption of real estate therefrom will not be presumed, and any law to that effect will be strictly construed.   p. 452.

6. MUNICIPAL CORPORATIONS.—*Public Improvements.—Assessments.—Exemptions.—Cemeteries.—Public Policy.—*The barrier of public policy will interpose to prevent the enforcement of im-

provement assessments by foreclosure and sale of lots and parcels of land used or occupied for burial purposes. p. 453.

7. MUNICIPAL CORPORATIONS.—*Public Improvements.—Sewers.— Assessments.— Exemptions.— Cemeteries.—* A cemetery company, incorporated for the purpose of profiting by the sale of burial lots, owning land included within a legally created drainage district, is, in the absence of a statute exempting such land from sewer assessments, liable therefor, where it appears that a reasonable assessment may be enforced against realty owned by such company without molesting the lots or parcels of ground actually in use for burial purposes. p. 453.

From Porter Circuit Court; *H. H. Loring,* Judge.

Action by the Gary Oakhill Cemetery Association against the city of Gary and another. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*Hodges & Ridgely,* for appellants.

*Frank J. Sheehan, John W. Lyddick, Frank B. Pattee* and *Herbert T. Johnson,* for appellee

MYERS, J.—On February 8, 1909, appellee was incorporated under the laws of Indiana for pecuniary profit (Acts 1901 p. 289, §4286 Burns 1914), and now owns certain real estate in the city of Gary, Indiana, which it alleges has been platted into burial lots and dedicated to cemetery purposes. In 1912, appellant, city of Gary, a city of the fourth class, through its board of public works, created a sewer district, which included appellee's real estate; and pursuant to the statute in force April 15, 1905 (Acts 1905 p. 219, 302, §8722 Burns 1914), it established a sewer therein, which, under a contract with its coappellant, was constructed; and to pay for the same, the lots, lands and parcels of ground in the district, including the real estate of appellee, were assessed. Appellee brought this suit to cancel the assessment against its property, to perpetually enjoin the collection thereof, and to quiet its title as against the assessment. Separate demurrers of each of appellants were overruled, and upon their refusing to plead fur-

ther, judgment was rendered in accordance with the prayer of the complaint.

Appellee claims that under §121 of the act of 1905, *supra* (§8726 Burns 1914), its lands are exempt from sewer assessments, while appellants insist that this section of the act is either invalid or does not apply. We may here remark that the proceedings of the board of public works are not questioned. The power of the board to establish the sewer district, to construct the sewer therein, and to assess all the lots and lands in the district to pay for the same, as a general proposition, will be conceded.

But appellee looks to §8726, *supra*, for protection against the assessment. Originally this section was §5 of the act of 1901 (Acts 1901 p. 608), and it then applied only to cities of 100,000 or more population. In 1905 (Acts 1905 p. 219, *supra*) the legislature under the title of "An act concerning municipal corporations" re-enacted §5, word for word, as §121, *supra*, and by §272 (§9016 Burns 1914), all former laws in conflict with that act, except those enacted at that legislative session, were repealed. The new law applies generally to all cities, but in this case we are only concerned as to the application of a single section to the pleaded facts. Section 8726, *supra*, reads as follows: "If the said board of public works shall determine that it is necessary to extend any sewer or drain through or adjacent to any lot or parcel of land held, used or occupied for cemetery purposes, all necessary rights of way therefor may be acquired by such city, either by purchase or by such condemnation proceedings as may be provided by law in such cases, any other law to the contrary notwithstanding, but lots or parcels of land held, used or occupied for such purpose, shall not be assessed for the construction of such sewer or drain, but so much of the cost of such sewer

or drain as would be assessable against such lots or parcels of land, if not so held, shall be assessed against such city and shall be paid by it. If such city shall proceed in such case by condemnation proceedings to acquire such right of way, and any of the owners or holders of property or valuable interests therein, sought to be taken or to be injuriously affected, are unknown, the owner or owners thereof may be designated as unknown upon the list provided for by the statute governing condemnation proceedings in such cities, and in all subsequent steps in such proceedings including notice by publication. If, upon acquiring such right of way, there shall remain buried within the limits thereof any dead body it shall be the duty of the friends, relatives or next of kin to promptly remove the same; if, however, they fail to do so, said board of public works, prior to the construction of the sewer or drain in such right of way, shall cause the same to be removed and decently interred elsewhere in a public cemetery, and the place of such interment to be plainly marked in an appropriate manner. The names of persons so reinterred, if known, and the place of reinterment, shall be entered and preserved upon the records of said board."

A careful study of the wording of this section leads us to conclude that it applies only to such sewers or drains as, by their location and construction, are in actual physical contact with, or which abut, adjoin, or are near to lots or parcels of land held, used or occupied for cemetery purposes.

Every provision of this section of the law is supportive of the construction we have placed upon it. For instance, it authorizes a right of way through or adjacent to any lot or parcel of ground held, used or occupied for cemetery purposes. It provides how such

right of way may be obtained: It requires the removal and burial of the remains of dead bodies buried within such right of way. It makes provision for the payment of the entire cost of such sewer or drain in so far as the cost thereof would be assessed ordinarily against such lots or parcels of land, by assessing that portion of the cost against the city. The express subject of the section is the sewer or drain *which the board shall determine is necessary to extend through, etc.*

In this case the sewer at its nearest point to the cemetery in question is more than 600 feet away. It is conceded that it was established under §8722, *supra*, and the assessment made as provided by §8725 Burns 1914. But it is insisted that the word "adjacent" as found in §8726, *supra*, when given its ordinary and usual meaning, brings the sewer within the provisions of that section, and therefore the assessment placed against appellee's property should have been assessed against the city of Gary, under the provision that "so much of the cost of such sewer or drain as would be assessable against such lots or parcels of land, if not so held, shall be assessed against such city and shall be paid by it."

With this view we cannot agree, for the reason, as we have stated, that the sewer in question is not one contemplated by this section. Nor can we agree that the word "adjacent" as here used, or as defined by lexicographers, should be given the broad meaning claimed for it by appellee. "Adjacent" is defined as: "lying near or close at hand; adjoining; bordering"— Standard Dictionary; "That which is near or bordering upon"; "adjoining"—Webster's Dictionary; "Contiguous; adjoining"; "as, a field adjacent to the highway"—Century Dictionary. See, also, *Dunker* v. *City of Des Moines* (1912), 156 Iowa 292, 136 N. W. 536; *Northern Pacific R. Co.* v. *Douglass County* (1911), 145

Wis. 288, 130 N. W. 246; *Johnston* v. *Davenport Brick, etc., Co.* (1916), 237 Fed. 668. Having concluded that this section has no application to the question at hand, it will not be necessary for us to consider the contention of appellant relative to its validity.

Our attention is also called to §4447 Burns 1914, *post,* which reads as follows: "That in all cases where cemeteries incorporated under the laws of this state upon such a basis that the corporation cannot derive any pecuniary benefit or profit therefrom; and in all cases where a cemetery association shall provide for setting aside a certain definite portion of the proceeds derived from the sale of lots as a perpetual care fund, the income of which shall be used as a perpetual care and maintenance fund, all the property and assets belonging to such corporation used exclusively for cemetery purposes shall be exempt from taxation for any purpose: And provided, That it shall be lawful for any person to provide a fund, either by gift, bequest or devise, which may be a perpetual fund, the income from which shall be used for the care and maintenance of any cemetery lot expressly described in the instrument creating the fund, and the fund so created shall be exempt from taxation for any purpose; and a trust may be created for the care, custody and control of such fund: Provided, That the real estate of any such corporation lying within any incorporated city or town shall not be exempt from liability for street improvements and sewer assessments, as now or may hereafter be provided by law."

This section was originally passed in 1895 (Acts 1895 p. 18) and amended in 1905 (Acts 1905 p. 185) by adding the two provisos. The title of the original act was "An act exempting from taxation the property of cemeteries organized under the laws of this state, upon a basis which prevents the corporations from deriving

therefrom pecuniary benefit or profit." It will be seen from the title and from the act itself that it pertained only to the exemption of taxes imposed by legislative authority for public or governmental purposes. It does not purport to enter the field of local assessments founded and sustained upon the theory of benefits to property assessed.

The chief purpose of a proviso is to except the clause covered by it from what would otherwise be embodied in the statute. 3 Bouvier, Law Dictionary (3d ed.) 2761; *State* v. *Barrett* (1908), 172 Ind. 169, 87 N. E. 7. But when, as here, the subject of the proviso is not within the title, nor a matter germane to the subject expressed therein, or there is no provision in the body of the act upon which the proviso may act, it can have no legislative force. *Southern Pac. Co.* v. *Bartine* (1909), 170 Fed. 725.

We are not unmindful that a proviso may, in a proper case, mean additional legislation, but that question is not here for consideration. Therefore, under well-recognized rules of construction the second proviso of §4447, *supra*, can amount to no more than a legislative expression lacking in the fundamentals essential to a valid law.

With the conclusions thus reached, we are left to the general law relating to the assessment of property to pay for sewer construction. This law does not specifically exempt cemetery property from local assessments. In the absence of such specific authority, the exemption of property from taxation, or real estate from local assessments, will not be presumed, and any law to that effect will be strictly construed. *Orr* v. *Baker* (1853), 4 Ind. 86; *City of Indianapolis* v. *Grand Master, etc.* (1865), 25 Ind. 518, 521, and authorities cited.

But on the ground of public policy we are not inclined to believe that the legislature ever intended that the sepulchre of the dead should be the subject

6. of a lien to be enforced by a foreclosure and sale as other property. The law makes no provision for a personal liability in cases of local assessment, so that the only manner of enforcing the payment of such assessment is as we have indicated, the sale of the graves of the dead to pay for sewers and drains for houses of the living. The barrier of public policy will interpose to prevent such results. So much may be said for lots and parcels of ground now in use or occupied for burial purposes. The same rule should and does obtain where the lot or parcel of land is actually held by the grantee or licensee of appellee as a family burying ground, although it may not be in actual use. This holding is put upon the theory that the makers of the Constitution, as well as the general assembly, "in common with the rest of mankind, did not think of the family burying ground" as property (*Oak Hill Cemetery Co.* v. *Wells* [1906], 38 Ind. App. 479, 481, 78 N. E. 350) in the sense of benefits derived from drains or sewers as intended for the improvement of land for the purposes of residence or business.

Now as to the lots and parcels of ground of appellee, from the complaint it appears that appellee purchased a tract of land, which is now in the city of Gary,

7. and platted the same into lots, laid out drives and otherwise beautified the land in many particulars in the pleading fully described. Thereafter it began selling burial permits and family lots and has continued to do so; that the purchasers thereof began and are now burying the dead in various lots so platted by it as aforesaid; that the burials for the most part have been in the south half of the land. The purpose of appellee is gain and profit in the sale of the lots.

It still owns a large tract of land, and while it is platted into burial lots none of it is in actual use. It is for sale. Local assessments can be sustained only upon the ground of local benefits or the enhanced value of the property assessed. If appellee's land is not benefited, or its value not increased by the improvement, it cannot legally be assessed to pay for such improvement. In the absence of a statute exempting lands held as here shown to be held by appellee, there is no sound reason why they may not be liable to contribute to local improvements. *Garden Cemetery Corp.* v. *Baker* (1914), 218 Mass. 339, 105 N. E. 1070, Ann. Cas. 1916 B 75; *Bloomington Cemetery Assn.* v. *People* (1891), 139 Ill. 16, 28 N. E. 1076; *People* v. *Cemetery Assn.* (1914), 266 Ill. 32, 107 N. E. 143; *Beltzhoover Borough* v. *Beltzhoover's Heirs* (1896), 173 Pa. St. 213, 33 Atl. 1047; *Buffalo City Cemetery* v. *City of Buffalo* (1871), 46 N. Y. 506. For, if payment of the assessment should be enforced by sale of the land, the lots in use or held for family burial, as well as any and all improvements made on the land, are as fully protected against the acts and doings of a purchaser as they are now. If it were shown that such assessment could not be satisfied without desecrating the graves and subjecting the purchaser to punishment under a penal statute of the state, (§2309 Burns 1914, Acts 1905 p. 584, 679), the assessment should not be sustained. The facts here show that a reasonable assessment may be enforced against the land of appellee, without molesting the lots or parcels of ground actually in use for burial purposes.

The judgment is reversed, with instructions to the court below to sustain the separate demurrers of appellants to appellee's complaint, and grant appellee permission to amend its complaint, if desired, and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 116 N. E. 741. Liability of a cemetery or lot therein to special assessment, Ann. Cas. 1912 A 1051; 1916 B 78; 35 L. R. A. 36; 18 L. R. A. (N. S.) 452; 44 L. R. A. (N. S.) 58; L. R. A. 1916 F 864. Meaning of the word "adjacent," Ann. Cas. 1913 B 168. See under (1) 28 Cyc 1132; (3) 36 Cyc 1161, 1162; (5) 28 Cyc 1131.