## NOVEMBER TERM, 1919. 445

La Fontaine Lodge, etc. *v.* Eviston, Auditor—71 Ind. App. 445.

La Fontaine Lodge No. 42, I. O. O. F. *v.* Eviston,

Auditor, et al.

[No. 9,893. Filed June 5, 1919. Rehearing denied October 7, 1919. Transfer denied November 25, 1919.]

1. Taxation.—*Exemption.*—*Burden of Proof.*—The burden is upon one relying upon the exemption of property from taxation, to show that the property comes within some class of property which the statute says is exempt. p. 449.

2. Taxation.—*Exemption.*—*"Cemetery Corporations."*—*"Fraternal Associations."*—Section 4447 Burns 1914, Acts 1905 p. 185, exempts property of cemetery associations or corporations incorporated as such under the laws of Indiana, and makes no provisions concerning the property of fraternal associations. p. 450.

3. Taxation. — *Exemption.* — *Charitable Purposes.* — Real estate owned by an Odd Fellows Lodge, the rents and profits of which go into a fund for the care of a cemetery owned and operated by the lodge in which the lots are sold without regard to fraternal connections, is not exempt from taxation under §10144 Burns 1914, Acts 1893 p. 12, as being devoted to charitable purposes. p. 451.

From Huntington Circuit Court; *Nelson G. Hunter,* Special Judge.

Action by La Fontaine Lodge No. 42, I. O. O. F., against Ovid E. Eviston and Abner H. Shafer, auditor and treasurer respectively, of Huntington county. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Lesh & Lesh,* for appellant.

*Cline & Cline* and *Bowers & Feightner,* for appellees.

McMahan, J.—This action was brought by the appellant against the appellees, Ovid E. Eviston and Abner H. Shafer, auditor and treasurer respectively

of Huntington county, to enjoin the collection of taxes which have been assessed against certain property owned by the appellant.

A demurrer for want of facts was sustained, and appellant excepted and, refusing to plead further, judgment was rendered against appellant, and it has assigned the action of the court in sustaining the demurrer as error.

The complaint, omitting the caption and signature, reads as follows: ''Comes now the plaintiff in the above entitled cause and complains of the defendant and for cause of complaint avers that it is a fraternal association organized under the laws of Indiana; that pursuant to resolutions and proceedings duly passed and performed by its Board of Trustees, it organized of its own membership a cemetery association and as such it acquired title to a large tract of land situated a short distance from the corporate limits of the city of Huntington in said county and state and caused said lands to be laid out and platted as a cemetery, in which cemetery burial lots are sold indiscriminately and without regard to fraternal connections of the applicants. Plaintiff further avers that pursuant to appropriate proceedings taken by the appropriate officers of said association a certain definite portion of the proceeds derived from the sale of lots in said cemetery, to wit, 25 per cent. thereof, has been set aside as a perpetual care fund, the income of which shall be used as a perpetual care and maintenance fund for the perpetual care and maintenance of said cemetery; that from the proceeds thus derived from the sale of lots and set aside as a perpetual care fund as aforesaid, said association purchased the east one-third of lot 127 and the west one-

third of lot 128 in the original plat of the town, now city, of Huntington, Indiana, and upon said real estate it has erected a three-story brick building; that by the terms of the deed pursuant to which said property was purchased, as well as the proceedings of said association, all of the rents and, profits derived from said property and buildings are set aside to be used as a perpetual care and maintenance fund for the care and maintenance of said cemetery; that said cemetery is suitably located for burial purposes, and is the common, public burial place at Huntington; that the plaintiff herein cannot derive any pecuniary benefit or profit from said property, nor can any of the rents or profit received therefrom be used for any purpose other than for the care and maintenance of said cemetery.

"Plaintiff further avers that the defendants herein have caused said property to be placed on tax duplicate and other tax records and have caused them to be assessed for taxation; that they are demanding taxes thereon and threatening to sell the same for taxes unless the same is paid. Plaintiff further avers that said property is exempt from taxes under the laws of the state of Indiana and the defendants are wrongfully, without authority of law, proceeding to expose it to illegal demands for taxes and threatening to sell the same unless said demands are paid; that the action of said officers in placing said property on the tax duplicate constitutes a cloud on the plaintiffs' title.

"Wherefore plaintiff prays the court to enjoin the defendants from exposing said property to sale, or making any efforts to collect taxes on said property and to quiet its title against any and all claims of the

448 APPELLATE COURT OF INDIANA,

La Fontaine Lodge, etc. *v.* Eviston, Auditor—71 Ind. App. 445.

defendants and for all further and proper relief in the premises.''

The only question which we are called upon to decide is whether the said building and the land upon which it stands are subject to taxation.

Appellant contends that the said property is exempt from taxation, and in support of this contention cites §4447 Burns 1914, Acts 1905 p. 185; §10144 Burns 1914, Acts 1893 p. 12, which read as follows:

Section 4447.—''That in all cases where cemeteries incorporated under the laws of this state upon such a basis that the corporation cannot derive any pecuniary benefit or profit therefrom; and in all cases where a cemetery association shall provide for setting aside a certain definite portion of the proceeds derived from the sale of lots as a perpetual care fund, the income of which shall be used as a perpetual care and maintenance fund, all the property and assets belonging to such corporation used exclusively for cemetery purposes shall be exempt from taxation for any purpose: *And provided,* That it shall be lawful for any person to provide a fund, either by gift, bequest or devise, which may be a perpetual fund, the income from which shall be used for the care and maintenance of any cemetery lot expressly described in the instrument creating the fund, and the fund so created shall be exempt from taxation for any purpose; and a trust may be created for the care, custody and control of such fund, *Provided,* That the real estate of any such corporation lying within any incorporated city or town shall not be exempt from liability for street improvements and sewer assessments, as now or may hereafter be provided by law.''

Section 10144.—''The following property shall be exempt from taxation: * * * Fifth. 'Every

building used and set apart for educational, literary, scientific or charitable purposes by any institution, or by any individual or individuals, association or corporation, or used for the same purpose by any town, township, city or county, and the tract of land on which such building is situate; also the lands purchased with the *bona fide* intention of erecting buildings for such use thereon, not exceeding forty acres; also the personal property, endowment funds and interest thereon, belonging to any institution, town, township, city or county, and connected with, used or set apart for any of the purposes aforesaid.' "

Section 10144, cl. 6, exempts every cemetery from taxation.

Section 1, Art. 10, of the Constitution directs the legislature to provide for a uniform and equal rate of assessment and taxation for all property, excepting only such as is used for "municipal, educational, literary, scientific, religious, or charitable purposes, as may be specially exempted by law."

As said by this court in *Oak Hill Cemetery Co.* v. *Wells* (1906), 38 Ind. App. 479, 78 N. E. 350: "As appellant is relying upon the exemption of its property from taxation, the burden was upon it to show that its property came within some class of property which the statute says is exempt." The exemptions given by the statutes were not intended to relieve from taxation any property that was or is used by the owners for the purpose of gain and profit.

The appellant's first contention is that the property in question is exempt under the provision of

§4447, *supra,* which provides that, where cemetery associations shall set aside a definite portion of the proceeds derived from the sale of lots as a perpetual care fund, the income of which shall be used as a perpetual care and maintenance fund, all the property and assets belonging to such corporation used exclusively for cemetery purposes shall be exempt from taxation.

The appellant is neither a "cemetery association" nor a "corporation" organized under the laws of the state for the purpose of owning and maintaining a cemetery. It is, as alleged in the complaint, a "fraternal association," and as such bought a large tract of land which it caused to be laid out and platted as a cemetery, twenty-five per cent. of the proceeds derived from the sale of lots being set aside as a perpetual care and maintenance fund for the care and maintenance of said cemetery. From the funds so set aside the appellant purchased the real estate in controversy and erected thereon a three-story brick building, and by some kind of proceedings appellant set aside all the rents and profits derived from the said building as a perpetual care and maintenance fund for said cemetery.

Section 4447, *supra,* is the first and only section of an act amending §1 of "An act exempting from taxation the property of cemeteries organized under the laws of the state upon a basis which prevents the corporation from deriving therefrom benefits or profits." Acts 1895 p. 18.

In construing §4447, *supra,* we must keep the title of the act in mind, and when that is done it is clear that, when the legislature used the words "cemetery association" and "such corporation," it meant ceme-

tery associations or corporations incorporated as such under the laws of this state. That part of said section under which appellant is claiming exemption from taxation would read as follows: "In all cases where a cemetery association, incorporated under the laws of this state, shall provide for the setting aside of a certain definite portion of the proceeds derived from the sale of lots as a perpetual care fund, the income of which shall be used as a perpetual care and maintenance fund, all the property and assets of such cemetery corporation used exclusively for cemetery purposes shall be exempt from taxation."

We hold that the property in question is not exempt from taxation under §4447, *supra.*

Appellant next contends that the property in question has been set apart for charitable purposes, and that it is therefore exempt from taxation under 3. §10144, hereinbefore set out. This contention is not supported by principle or authority. Our judgment is that the property in question is not set aside for charitable purposes, and that it is subject to taxation.

There was no error in sustaining the demurrer to the complaint. Judgment affirmed.