HUGHES *v.* YATES ET AL.

[No. 11,335. Filed April 21, 1922. Rehearing denied June 23, 1922. Transfer denied January 24, 1923.]

1. DESCENT AND DISTRIBUTION.—*Death of Childless Wife Survived by Parents.—Rights of Surviving Husband.—Statute.— Construction.*—Under §3027 Burns 1914, §2489 R. S. 1881, providing that, where a husband or wife die intestate, leaving no children, but leaving a father or mother, or either of them,

his or her property shall descend three-fourths to the widow or widower, and one-fourth to the father and mother jointly, or to the survivor of them, provided that if the whole amount of the property does not exceed one thousand dollars, the whole shall go to such widow or widower, where the estate exceeds one thousand dollars, the widower is not entitled to an allowance of one thousand dollars, and then three-fourths of the value of the estate in excess of that amount. p. 249.

2. STATUTES.—*Construction.*—*Provisos.*—*Operation.*—The office of a proviso is not to enlarge or extend an act, or the section of which it is a part, but rather to put a limitation upon and to qualify the language employed. p. 249.

From the Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by Owen Yates and another against James Hughes. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Abram Simmons, Charles G. Dailey* and *Virgil M. Simmons,* for appellant.

*A. W. Hamilton, Fred A. Wiecking* and *George Mock,* for appellees.

McMAHAN, J.—Complaint by appellees against appellant for partition, alleging that Pearl Hughes died the owner of certain real estate of the value of $1,500 and left as her sole and only heirs appellant, her husband, and appellees, her father and mother; that the total value of her estate including real and personal property exceeded $2,300; that appellant was the owner of the undivided three-fourths, and appellees of an undivided one-fourth of such real estate, and that it was indivisible. A demurrer for want of facts was overruled and a decree ordering the land sold and the proceeds distributed, three-fourths to appellant and one-fourth to appellees.

The questions presented by this appeal call for the construction of §3027 Burns 1914, §2489 R. S. 1881,

which reads as follows:  "If a husband or wife 1. die intestate, leaving no child, but leaving a father and mother, or either of them, then his or her property, real or personal, shall descend three-fourths to the widow or widower, and one-fourth to the father and mother jointly, or to the survivor of them: Provided, That if the whole amount of property, real or personal, does not exceed one thousand dollars, the whole shall go to such widow or widower."

Appellant contends that under this statute he is entitled, first, to an allowance of $1,000, and then to three-fourths of the value of the estate in excess of $1,000. This contention cannot prevail.  The statute in question is clear and explicit.  The body of the section first provides that, if a wife die intestate leaving no child, but leaving a father and mother, three-fourths of her property, real and personal, shall descend to the widower and one-fourth to the father and mother.  This is followed by a proviso which limits the prior part of the section to cases where the value of the property left by the wife does not exceed one thousand·dollars.

The office of a proviso is not to enlarge or extend an act, or the section of which it is a part, but rather to put a limitation upon and to qualify the language 2. which the lawmaker has employed.  *Murray* v. *Gault* (1913), 179 Ind. 658, 101 N. E. 632; *Simpson* v. *State* (1912), 179 Ind. 196, 99 N. E. 980; *Stiers* v. *Mundy* (1910), 174 Ind. 651, 92 N. E. 374; *State* v. *Barrett* (1909), 172 Ind. 169, 87 N. E. 7.

Had it not been for the limitation placed upon the section by the proviso, parents in a case like the present would have inherited one-fourth of the estate irrespective of its value.

Judgment affirmed.