## McDaniels *v.* McDaniels

[No. 17,388.  Filed October 9, 1945.  Rehearing Denied November 16, 1945.  Transfer Denied December 20, 1945.]

324

*Edwin J. Fitzgerald, Gizella V. Stodola* and *Martin J. Downey,* all of Hammond, for appellant.

*Francis J. Dorsey* and *William L. Travis,* both of Hammond (*McAleer, Dorsey & Travis,* of Hammond, of Counsel), for appellee.

HAMILTON, J.—This is an appeal from a judgment granting appellee an absolute divorce upon his complaint charging appellant with cruel and inhuman treat-

ment, and denying appellant relief upon her cross-complaint in which she charged appellee with cruel and inhuman treatment and prayed for a decree of separation from bed and board for a period of two years and alimony in the sum of $3,000.00.

Errors assigned and relied upon for reversal are: (1) That the court erred in overruling appellant's written objections to the Hon. Floyd Murray presiding as special judge, which assignment is cause No. 1 of appellant's motion for a new trial; (2) that the court erred in overruling appellant's motion for a new trial; and (3) that the court erred in overruling appellant's motion in arrest of judgment.

It affirmatively appears from the record and appellant's brief that the judgment was rendered on October 16, 1944; that appellant's motion for a new trial was filed on October 28, 1944, and overruled on February 23, 1945; and that the motion in arrest of judgment was filed on February 23, 1945, and overruled on the same date.

Appellant, in her brief, concedes that a motion in arrest of judgment must precede the rendition of the judgment and cannot be considered if made after judgment is rendered. *Smith and Wife* v. *Dodds and Another, Administrators* (1871), 35 Ind. 452; Watson's Practice and Forms, vol. 2, § 1907, p. 482, and authorities cited therein.

Notwithstanding the unbroken line of numerous decisions of the Supreme Court sustaining the above rule of law, appellant asks this court to overrule the Supreme Court and announce a new rule of practice. This court is bound by the decisions of the Supreme Court and has no authority to overrule or disregard any decision of that court. Therefore, in view of the record in the instant case, we must hold·

that no question is presented for our consideration by appellant's third assignment of error, under which she attacks the sufficiency of appellee's complaint to state a cause of action for divorce.

It is well settled that the action of the trial court in sustaining or overruling an application for a change of venue from a judge, or objections to the appointment of a special judge, must be assigned as a ground or reason for a new trial, and that such rulings present no question for review upon appeal when presented solely by an independent assignment of error. *Scanlin* v. *Stewart* (1894), 138 Ind. 574, 579, 37 N. E. 401; *National Hame and Chain Co.* v. *Robertson* (1930), 90 Ind. App. 556, 559, 161 N. E. 851.

As heretofore stated, appellant's first assignment of error was also assigned as reason No. 1 in the motion for a new trial and because of this fact the question is properly presented for our consideration under assignment of error No. 2. Other reasons assigned in the motion for a new trial are: (2) Error in denying appellant's motion for a finding in her favor made at the conclusion of the plaintiff's evidence; (3) that the finding and decision of the court is not sustained by sufficient evidence; and (4) the decision and finding is contrary to law.

The record discloses that on September 28, 1944, the appellant, who was the defendant in the trial court, filed an affidavit for a change of venue from the Hon. Joseph V. Stodola, Jr., the regular judge of the court wherein this cause of action had been instituted and was then pending. This motion was granted on the same date, and the court appointed Floyd R. Murray, a member in good standing at the bar of said court, to act and preside as special judge in said cause of action. The

said Floyd R. Murray qualified and assumed jurisdiction as special judge in said cause on October 6, 1944. Thereupon the appellant filed her written objections to the appointment of said Floyd R. Murray as special judge in said cause, based upon the grounds that the regular judge of said court, from whom appellant had taken and been granted a change of venue, had assumed the right to name Floyd R. Murray as special judge instead of designating and submitting a list containing the names of three competent and disinterested persons from whom the special judge would be selected in the manner as provided in § 2-1409, Burns' 1933, § 207, Baldwin's 1934. Said objections were overruled and the cause proceeded to trial, finding, and judgment.

It is conceded by both appellant and appellee that ch. 85, Acts of 1937, being § 2-1430, Burns' 1933 (Supp.), wherein a list of names is certified by the Clerk of the Supreme Court for the selection of a special judge, is not involved in the consideration of the question presented by this appeal for the reason that the affidavit for a change of venue was not filed under and pursuant to said Act. This leaves for our consideration the following sections of the statutes applicable to the question presented for decision, to-wit: §§ 2-1401, 2-1402, and 2-1409, Burns' 1933, §§ 190, 193, and 207, Baldwin's 1934.

Section 2-1401, Burns' 1933, § 190 Baldwin's 1934, provides in part that: "The court, in term, or the judge thereof, in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing any one or more of the following causes: ... Seventh. When either party shall make and file an affidavit of the bias, prejudice or interest of the judge before whom the said cause is pending."

Appellant's application for a change of judge alleged facts conforming to the requirements of the above statute.

Section 2-1402, Burns' 1933, § 193, Baldwin's 1934, reads as follows:

> "When any matter of a civil, statutory or equitable nature not triable by a jury, is pending, the judge before whom said cause is pending shall change the venue thereof upon the application of either party to such cause, made upon affidavit, of either party or his attorney, showing any one or more of the reasons named in the statutes of this state authorizing changes of venue from the judge in civil actions. And the presiding judge shall make an appointment of a special judge to hear such cause in the manner provided by law for changes of venue in civil actions."

It has been expressly held by this court in the case of *Styles* v. *Styles* (1921), 76 Ind. App. 550, 132 N. E. 645, that § 2-1402, *supra,* is applicable and authorizes the granting of a change of venue from the presiding judge of the court in actions for divorce.

It is the appellant's contention that, because of the following language contained in § 2-1402, *supra,* namely: "And the presiding judge shall make an appointment of a special judge to hear such cause *in the manner provided by law for changes of venue in civil actions,*" (our italics), the regular judge was required to follow the provisions of § 2-1409, Burns' 1933, § 207 Baldwin's 1934, in the selection of a special judge. Said section reads as follows:

> "Hereafter, whenever a change of venue is taken from the judge in any civil action pending in any circuit or superior court in this state, or in any case where the presiding judge is disqualified from any cause to try such cause, if the parties in such

action shall agree, in open court, upon some judge or member of the bar of any court in this state to try such cause, it shall be the duty of the court to appoint such judge or attorney, so agreed upon, to try such cause. In the absence of such agreement, it shall be the duty of the court, within three (3) days, to nominate three (3) compentent and disinterested persons, each of whom shall be an available judge or member of the bar of this state, to be submitted to the parties in the action, from which the plaintiff side and the defendant side, within two (2) days thereafter, may strike off one (1) of such names, each. The court shall thereupon appoint the person, or one (1) of the persons, who shall remain unchallenged, to preside as judge in said cause: Provided, That this act shall not apply to proceedings in divorce."

Appellant insists that said section is the only applicable statute providing a specific manner for the appointment of a special judge where a change of venue has been granted under § 2-1401 or § 2-1402, *supra*. Appellant concedes that § 2-1409, *supra*, contains the following language, to-wit: "Provided, That this act shall not apply to proceedings in divorce," but argues that notwithstanding said fact, the section is applicable in divorce actions, because of the absence of any other statute providing a manner for appointment of special judges in divorce actions.

Section 2-1401, Burns' 1933, § 190, Baldwin's 1934, was enacted in 1881 and is still in full force and effect. Prior to the enactment of § 2-1409, Burns' 1933, § 207, Baldwin's 1934, in 1905, the presiding judge from whom a change of venue was taken pursuant to the provisions of § 2-1401, *supra*, selected some competent and disinterested person to act as special judge in the cause wherein the change of venue had been taken. Such was, and has been, the exclusive manner provided by law for the selection of a special

judge in divorce proceedings from 1881 until 1937, when ch. 85, Acts of 1937, § 2-1430, Burns' 1933 (Supp.), was enacted providing an additional manner for the selection of a special judge in divorce proceedings, provided the application was filed in conformity with the provisions of the Act, which was not done in the instant case.

It must be assumed that the Legislature had a reason for inserting the words, "provided, that this act shall not apply to proceedings in divorce," when it enacted § 2-1409, *supra.*

The language used is plain, definite, and unambiguous, and under the well-settled rule of statutory construction, the court must give the quoted language a literal interpretation and hold that said proviso means exactly what it plainly says, to-wit: that said statute does not apply to proceedings in divorce. *Pabst Brewing Co.* v. *Schuster* (1914), 55 Ind. App. 375, 103 N. E. 950; *Cheney* v. *State, ex rel.* (1905), 165 Ind. 121, 74 N. E. 892; *Rogers* v. *Calumet National Bank* (1938), 213 Ind. 576, 12 N. E. (2d) 261. Furthermore, we are mindful of the rule of construction which requires us to hold that it is the office and function of a "proviso" contained in a statute to limit and qualify the preceding language of the statute and not to enlarge the effect of the statute. *Board of Commissioners* v. *Millikan* (1934), 207 Ind. 142, 151, 190 N. E. 185; *Hughes* v. *Yates* (1923), 79 Ind. App. 247, 249, 135 N. E. 156; *City of Gary* v. *Gary, etc., Cemetery Assn.* (1917), 186 Ind. 446, 452, 116 N. E. 741.

For the foregoing reasons we hold that in the instant proceeding the presiding judge had the power and authority, and it was his duty, to appoint a special judge under and pursuant to the provisions of § 2-1401, *supra,* and that the appointment of

Floyd R. Murray as special judge was made in the manner provided by law in proceedings for divorce. Appellant's objections to the special judge were properly overruled.

Referring to appellant's next contention that the court erred in denying a motion for a finding in her favor made at the conclusion of appellee's evidence, we find that the record discloses that, after the court overruled said motion, appellant proceeded to present evidence in support of her answer to the complaint and in support of her cross-complaint for a limited divorce, and that appellant did not renew or refile a motion for a finding in her favor at the conclusion of all the evidence. It is well settled that a failure to refile such a motion at the conclusion of all the evidence is a waiver of any error in overruling a motion made at the close of the plaintiff's evidence, and no question is presented for review upon appeal. *Indiana Insurance Co.* v. *Handlon* (1940), 216 Ind. 442, 446, 24 N. E. (2d) 1003; *Long* v. *Archer* (1943), 221 Ind. 186, 194, 46 N. E. (2d) 818; *Lewis* v. *Young* (1932), 95 Ind. App. 152, 156, 180 N. E. 692.

Appellant's contention that the finding and decision of the court is not sustained by sufficient evidence and is contrary to law requires a review of the evidence. It is well settled that this court cannot weigh conflicting evidence and, if there is any substantial evidence in the record to sustain the finding and decision of the trial court, the judgment must be affirmed. In this connection it must be borne in mind that the trial judge, as the trier of the facts, was not bound by the testimony of any single witness or any particular item of evidence. It was his exclusive province to judge and determine the credibility of witnesses, weigh the evidence, and determine which of the parties,

if either of them, was entitled to a decree of divorce. The decision was in favor of the appellee. We have examined the record and find that the evidence is conflicting and that there is substantial evidence to sustain the finding and decision of the trial court. Upon appeal this court cannot substitute its judgment as to the weight of the evidence for that of the trial court.

We have given careful consideration to each of appellant's contentions and find no reversible error. The judgment is therefore affirmed.

NOTE.—Reported in 62 N. E. (2d) 876.