(No. 13627.—Judgment affirmed.)

THE PEOPLE *ex rel.* R. P. Farrell, County Collector, Appellee, *vs.* W. J. COUDY *et al.* Appellants.

*Opinion filed February 15, 1921.*

1. TAXES—*when admission by objector cures defect in proof of publication.* An objector's admission in a proceeding to collect a drainage tax that the property had been advertised for the delinquent assessment will cure a defect in the proof of publication.

2. SAME—*when levee drainage tax may exceed thirty cents per acre.* The provision of section 26½ of the Levee act of 1879, as amended in 1913, that the aggregate amount of a drainage assessment of annual benefits shall not exceed thirty cents per acre, expressly excludes districts which have pumping plants, and in such districts the assessment may be an amount sufficient to keep the levees, drains and other works in operation and repair.

3. DRAINAGE—*whether assessment of annual benefits is excessive is a question of fact.* Whether an assessment for annual maintenance and benefits in a levee drainage district is excessive is a question of fact, which the Supreme Court will not review on appeal from a judgment for the collection of a delinquent assessment unless the finding of the trial court is clearly against the weight of the evidence.

4. SAME—*when tax for annual benefits is not invalid because of insufficient outlet.* Land owners may compel the commissioners of a levee drainage district to provide sufficient outlets to take care of the waters of the district, and a tax for annual benefits will not be held invalid because of the alleged insufficiency of an outlet near the property objected for, unless it appears that the outlet cannot be made adequate.

APPEAL from the County Court of Clinton county; the Hon. JAMES ALLEN, Judge, presiding.

KRAMER, KRAMER & CAMPBELL, JOHNSTON & JOHNSTON, and NOLEMAN & SMITH, for appellants.

H. V. MURRAY, State's Attorney, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellants filed objections to the application of the county treasurer of Clinton county for judgment for the collection of the eighth installment of a certain drainage assessment and for the maintenance and benefits tax for the year 1919 assessed by the commissioners of the Santa Fe Drainage and Levee District against the lands of the appellants. The county court overruled said objections, and the cause comes here on appeal for review.

Numerous errors are assigned by the appellants, which, however, may be classed under four heads: First, that appellee did not make out a *prima facie* case; second, that the record does not show a valid assessment of annual benefits tax; third, that the eighth installment of the original assessment is in excess of benefits; and fourth, that the annual benefits tax assessed was likewise in excess of benefits.

The Santa Fe Drainage and Levee District was organized under the Levee act of 1879. The original assessment, of which the eighth installment is here questioned, was levied in 1912 for the sum of $26,000, for the purpose of constructing levees and ditches of the district. At the time of the entry of the original judgment confirming the assessment roll appellants' lands were found to be benefited to the amount of $1373.73. The assessment was to be divided into ten annual installments, amounting to $137.30 each, with interest thereon. Appellants appear not to have objected to the judgment confirming the original assessment against them and have paid the first seven installments without objection but object here to the payment of the eighth, amounting, with interest, to $198.37, for the reason, as they contend, that their lands are not benefited to that

amount in addition to the amount already paid under the seven installments. Appellants object to the annual repair and maintenance tax against their lands, amounting to $259.81, on the ground that the assessment of this tax would be of no benefit to their lands.

The record shows that appellee offered as *prima facie* proof a transcript of the original judgment confirming the assessment in 1912, of which the tax sought to be collected is the eighth installment; the assessment roll upon which said judgment was based; the return of the collector showing the lands described were delinquent as to the eighth installment and the annual benefits tax; the report of estimates of the commissioners of the district, and the assessment roll upon which the annual benefits tax was levied. The objections of appellants, however, contain the following statement: "These objectors further represent that said property had been advertised for supposed delinquent tax and special assessments due the Santa Fe Drainage and Levee District in the following amounts, that is: Eighth installment and interest special assessment of 1912 said district, $198.37; annual repair tax and assessment for year 1919 in said district, $259.81." We are of the opinion, therefore, that the admission by appellants in their objections that the delinquent list had been advertised disposes of that objection. This admission, with the other proof submitted, was sufficient to make out a *prima facie* case so far as appellants' objection is concerned. Appellants' first point, therefore, cannot be sustained.

It is objected under appellants' second point that the record does not show a valid assessment of the annual benefits tax, for the reason that such levy is not itemized as required by statute. While the abstract does not show the commissioners' levy to be itemized, the report of the commissioners appearing in the record shows the following: "From the foregoing it is apparent that the needs of the district for the ensuing year for all purposes are substan-

tially as follows: (1) Administrative expense, $300; (2) levee work, $600; (3) ditches, $450; (4) baffles, Gross branch, $750; (5) pump, $1300; (6) bridge, $50; (7) lock, ordinary repairs, $150; (8) Santa Fe Drainage and Levee District No. 2, $200; total, $3800." The mere reading of this estimate shows it to be a sufficient itemization to comply with the statute.

It is also urged under appellants' second point that the assessment of annual benefits is not valid because it exceeds the amount limited by the statute, it being contended that the statute limits such tax to thirty cents per acre while the tax in this case amounts to $1.31 per acre. Section 26½ of the Levee act of 1879, as amended in 1913, provides that the aggregate amount in any one year shall not exceed thirty cents per acre on the lands within the district, except in districts which now have or may have pumping plants, in which districts the annual amount of benefits collected each year shall be a sum sufficient to keep the levees, drains and other works of the district in repair and to maintain in operation such pumping plant or plants. This district maintains and operates a pumping plant. It will be seen, therefore, that appellants' second point cannot be sustained.

The third and fourth points have to do with the objections that the eighth installment of the original assessment, together with the installments already paid, exceeds the benefits, and that the amount assessed for annual maintenance and benefits is in excess of such benefits. These objections present questions of fact, and this court will not interfere with the finding of the trial court unless the finding is clearly against the weight of the evidence. *North Richland Drainage District* v. *Karr,* 280 Ill. 567.

The evidence shows that the lands of the appellants lie in the lower part of this drainage district; that under the system of drainage there in operation the surface water is collected in the various ditches of the district and conveyed

to the southern or lower portion of the district, where a lock or gate is maintained in addition to a pumping plant. This gate is kept open at all times when the stage of the river is such that water may flow from the district through the ditches into the river, and is closed when the stage of the water in the river rises to a point that would cause it to flow into the district. When the lock or gate is closed the pump is used to drain the district. The evidence discloses that at times when the lock was closed on account of the stage of the river the water accumulated in the lower part of the district and overflowed the banks of the ditches and certain lands adjacent thereto, including a portion of the appellants' lands; that this was due to the insufficient capacity of the pump and its failure to remove the water from the ditches with sufficient rapidity to avoid an overflow. Appellants contend that this situation is proof that the levees and ditches of the district are a damage rather than a benefit to their lands. It has been held in this State that before a tax for drainage will be held invalid because of want of benefits arising from an insufficient outlet it must appear that the outlet cannot be made adequate for an amount equal to the benefits to the land affected. (*People* v. *Garner,* 275 Ill. 228; *People* v. *Welch,* 252 id. 167.) Land owners may compel the commissioners to provide sufficient outlets to take care of the waters of the district. *Peotone Drainage District* v. *Adams,* 163 Ill. 428; *Langan* v. *Milk's Grove Special Drainage District,* 239 id. 430.

The evidence concerning the amount of benefits arising from the work done under the original assessment and benefits to be derived from the proposed work and care and maintenance provided for in the annual assessment of benefits was conflicting, but tends to show that the existence of ditches and levees constructed by the original assessment of 1912 has proven and will prove a benefit to appellants' lands, and from a review of the evidence in the record we

are unable to say that the finding of the county court that the appellants' lands will be benefited to the amount of the eighth installment of the original assessment and to the amount of the assessment of annual benefits is against the manifest weight of the evidence.

Appellants also object to the admission of certain testimony. The hearing was before the court and it is presumed that the court did not consider incompetent testimony. We are of the opinion that there was sufficient competent testimony in the record to justify the finding of the court.

There being no reversible error in the record the judgment of the county court is affirmed.          *Judgment affirmed.*

---

(No. 13757.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM SCOTT, Plaintiff in Error.

*Opinion filed February 15, 1921.*

1. CRIMINAL LAW—*what testimony as to voice of defendant is not evidence of identification.* The testimony of a witness who about the time and near the scene of a murder met a man who asked him the time of day, that he did not notice any peculiarity in the voice, but that a few days afterward when he heard the defendant speak at the police station he noticed his voice was similar to the voice of the man he had met, in that it had a falsetto tone, has no tendency to identify the defendant as the murderer.

2. SAME—*testimony at the coroner's inquest is not admissible to identify the defendant—impeachment.* The testimony of a witness at the coroner's inquest is not admissible for the purpose of identifying the defendant in a trial for murder, and where the same witness testifies on the trial the only purposes for which he may be interrogated as to his previous testimony are to refresh his memory and to impeach his credibility.

3. SAME—*trial. should be free from substantial error where a conviction rests upon conflicting evidence of identity of defendant.* Where the only question in a murder trial is the identity of the